Norton GUON, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16389.

United States Court of Appeals Eighth Circuit.

Dec. 29, 1960.

Clifford Jansonius, Bismarck, N. D., for appellant. Jansonius, Fleck, Smith, Mather & Strutz, Bismarck, N. D., were with him on the brief.

Robert Vogel, U. S. Atty., Fargo, N. D., for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

Norton Guon was one of eight defendants charged, in two indictments, which were consolidated for trial, with various violations of the Mail Fraud Statute, 18 U.S.C.A. § 1341, and of the Securities Act, as amended, 15 U.S.C.A. § 77q(a) (1) and (2), in connection with the sale of securities by Universal Securities, Inc., of Bismarck, North Dakota. Guon and others were charged, in Count 55 of the indictment known as number 95, with violating the Securities Exchange Act, 15 U.S.C.A. § 78o(a) and (b); in Count 56, with a violation of 15 U.S.C.A. § 77e (a) (1); in Count 57, with a violation of 15 U.S.C.A. § 77e(a) (2); and, in Count 58, with a violation of 15 U.S.C.A. § 78o(a) and (b). A jury trial resulted, on November 9, 1959, in the acquittal of Guon upon all counts submitted to the jury, except Counts 55, 56, 57 and 58. Based upon the jury's verdict, the District Court, on November 23, 1959, entered the following judgment:

"It Is Adjudged that the defendant has been convicted upon his plea of not guilty and a verdict of guilty of the offenses of unlawfully engaging as a dealer in interstate transaction in securities, without registration, in violation of Title 15 U.S. C.A., Sec. 78o(a) and (b), as charged in Counts 55 and 58 of the Indictment, and of unlawfully making use of the United States mails or instruments of interstate commerce in the sale or offer of sale of unregistered securities, in violation of Title 15 U.S.C.A., Sec. 77e(a) (1) and (2), as charged in Counts 56 and 57 of the Indictment, and the court having asked the defendant whether he has anything to say why judgment should not be pronounced, and no sufficient cause to the contrary being shown or appearing to the court,

"It Is Adjudged that the defendant is guilty as charged and convicted.

"It Is Adjudged that defendant is placed on probation for a period of Two (2) years, commencing at Twelve o'clock noon of this date."

The only specific condition of Guon's probation was that he "conduct himself as a law-abiding, industrious citizen."

From this seemingly innocuous disposition of his case, Guon—who was shown by the evidence to have played a very minor role in connection with the accused scheme—has appealed. He asserts that the trial court committed reversible error: (1) in denying him a separate trial; (2) in refusing to require the Government to furnish him with a bill of particulars relating to the counts upon which he was convicted; (3) in denying his motion, made at the close of the evidence, for a directed verdict of acquittal on the ground of the alleged inadequacy of the evidence; and (4) in failing to fully instruct the jury.

■ Guon was not entitled to a separate trial as a matter of right. His motion for a severance was addressed to the discretion of the trial court, and no abuse of discretion is shown. See and compare: United States v. Marchant, 12 Wheat. 480, 484–485, 25 U.S. 480, 484–485, 6 L.Ed. 700; United States v. Ball, 163 U.S. 662, 672, 16 S.Ct. 1192, 41 L. Ed. 300. In Stilson v. United States, 250 U.S. 583, 585–586, 40 S.Ct. 28, 29, 63 L.Ed. 1154, the court said:

> "* * * That it was within the discretion of the court to order the defendants to be tried together there can be no question, and the practise is too well established to require further consideration."

See, also: Duke v. United States, 9 Cir., 255 F.2d 721, 729, and Rules 13 and 14 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. In our opinion, there was no showing of either error or prejudice in connection with the denial of Guon's motion for a separate trial.

■■ A motion for a bill of particulars by a defendant may be granted or denied by a trial court, in the exercise of a sound legal discretion. Hewitt v. United States, 8 Cir., 110 F.2d 1, 7 and cases cited; Bunn v. United States, 8 Cir., 260 F.2d 313, 316. There is no basis for a ruling that Guon was taken by surprise during the trial or that his substantial rights were prejudiced in any way by the denial of his motion for

a bill of particulars. See and compare, Wong Tai v. United States, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545. Guon has failed to demonstrate that the trial court abused its discretion in this regard. Cf. Blackwell v. United States, 8 Cir., 244 F.2d 423, 426; Duke v. United States, supra, at page 729 of 255 F.2d. The burden of demonstrating both error and prejudice is upon an appellant. Hunt v. United States, 8 Cir., 231 F.2d 784, 788.

■ Guon's criticism of the trial court's instructions is without merit. Stated briefly, the contention is that the trial court was required, regardless of any request, to define "aiding and abetting" and to explain what is meant by the words "directly or indirectly" as used in the charge. We cannot agree. "Once the judge has made an accurate and correct charge, the extent of its amplification must rest largely in his discretion." United States v. Bayer, 331 U.S. 532, 536, 67 S.Ct. 1394, 1396, 91 L.Ed. 1654. Frequently, to attempt to explain understandable language is merely to confuse. If the instructions given cover the case and are correct, that is enough. Railway Company v. McCarthy, 96 U.S. 258, 265–266, 24 L.Ed. 693. Cf. Hall v. Aetna Life Ins. Co., 8 Cir., 85 F.2d 447, 451.

■ We think this Court is not called upon to state or to discuss in detail in this opinion the evidence which Guon contends was insufficient, and which the Government contends was sufficient, to sustain his conviction under each of the four counts in suit. If what befell Guon as a result of his conviction by the jury on those counts did not exceed what might lawfully have befallen him if he was properly found guilty on any one of the counts, we think that is enough to justify an affirmance. See: Bunn v. United States, supra, at page 315 of 260 F.2d; Gantz v. United States, 8 Cir., 127 F.2d 498, 501; Hulahan v. United States, 8 Cir., 214 F.2d 441, 442; Estep v. United States, 5 Cir., 223 F.2d 19, 21. Surely, if Guon had been convicted upon all counts of the indictment which were submitted to the jury, and had appealed

from a judgment and order placing him on probation for two years, it is not conceivable that, on appeal, this Court would be required to review the sufficiency of the evidence to sustain every count.

■ We shall confine our consideration of the evidence to that relating to Count 58, which charged Guon with violating 15 U.S.C.A. § 78o(a) and (b). The last three paragraphs of that Count read as follows:

"That at all times herein stated, the said defendant Universal Securities, Inc., was not registered with the Securities and Exchange Commission as a broker or dealer in accordance with subsection (b) of Section 15 of the Securities Exchange Act of 1934 (15 U.S.C. Section 78o(b).

"The defendant Universal Securities, Inc., aided and abetted by the defendants Norton Guon, Samuel Parker Pandolfo and Frederick C. Scadding, and said Defendants acting in concert through and by means of said defendant Universal Securities, Inc., which Defendant was then and there an unregistered broker and dealer as aforesaid, did unlawfully, knowingly and wilfully make use of a means or instrumentality of interstate commerce to effect transactions in and to induce the purchase and sale of securities, including to-wit: 100 shares of Kentucky Central Life and Accident Insurance Company stock, 400 shares of Empire Petroleum stock, and 200 shares of West Coast Life Insurance Company stock, and other stocks, otherwise than on a national securities exchange (the aforesaid securities not being exempted securities under Section 3(a) (12) of the Securities Exchange Act of 1934, 15 U.S.C. Section 78c(a) (12), or commercial paper, bankers acceptance, or commercial bills), and said use of a means or instrumental-

ity of interstate commerce was as follows:

"On or about July 31, 1958, the defendant Norton Guon, acting in concert with the aforesaid Defendant, knowingly travelled by automobile from the State of North Dakota, to Lemmon, South Dakota, for the purpose of selling to Morris H. Wise the aforesaid securities, and others. (Title 15 U.S.C. Section 78o(a) and (b))."

Section 78o(a), Title 15 U.S.C.A. provides:

"No broker or dealer (other than one whose business is exclusively intrastate) shall make use of the mails or of any means or instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) otherwise than on a national securities exchange, unless such broker or dealer is registered in accordance with subsection(b) of this section."

The record shows that Guon in July of 1958 was selling securities on a commission basis for his codefendant Universal Securities, Inc., an unregistered broker and dealer in securities; that he was never an officer, director or manager of that concern; that he held a license as a security salesman from the State of North Dakota; and that he sold stocks at the prices determined by his principal. The record also shows that Guon and Leland Horton—apparently another salesman for the same concern—met Morris Wise in the latter part of July 1958 on a farm owned by Wise in North Dakota; that he was, however, a resident of Lemmon, South Dakota; that Guon and Horton undertook to sell him stocks in a "package deal"; that Guon told Wise "it was the best stock that he [Guon] knew was available"; that Wise agreed to buy some stocks from him by transferring some certifi-

cates of "Investors Syndicate";[1] that the transfer of these certificates took place at Wise's home in Lemmon, South Dakota, the day after the deal was made; that Guon and Horton were there, and the certificates of "Investors Syndicate" were handed over to them; that Wise received a receipt from Guon, filled out by Guon while he was in South Dakota; that on the day previous, in North Dakota, Wise had given Guon a note, which was to be replaced by the certificates of "Investors Syndicate"; that Wise does not remember whether Guon had made out a receipt in North Dakota similar to the receipt he gave Wise the following day in South Dakota; that Wise was invited by Guon to go to Bismarck and to talk to the "people" at Universal Securities about the stocks he had purchased; that Wise did go; that some months afterwards he "had papers served to return my money," and that he got his money back with interest.

With all due respect to the arguments of counsel for Guon, who no doubt sincerely believe that his conviction was a miscarriage of justice, we are of the opinion that it may not be held, as a matter of law, that, when Guon left North Dakota and went to the home of Wise in Lemmon, South Dakota, to gather in the securities that Wise was to deliver in payment for the stocks Guon had sold him, Guon made no "use * * * of any means or instrumentality of interstate commerce to effect any transaction in, or to induce the purchase or sale of, any security * * *." The jury, we think, reasonably might infer from the evidence that the sale to Wise was not consummated until Guon had obtained the purchase price, and that the marketable securities of Wise were what induced the sale. We hold that the verdict of the jury is adequately sustained by permissible inferences drawn from substantial evidence, and may not be set aside by this Court. Hulahan v. United States, supra, at page 442 of 214

F.2d. This Court is without power to pass upon the credibility of witnesses or to weigh evidence. Stilson v. United States, supra, at page 588 of 250 U.S., at page 30 of 40 S.Ct.; Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; United States v. Compagna, 2 Cir., 146 F.2d 524, 526.

The judgment appealed from is affirmed.