Robert H. SLOCUM, Appellant,

v.

UNITED STATES of America,
Appellee.

LeRoy EATON, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 17248, 17253.

United States Court of Appeals
Eighth Circuit.

Dec. 24, 1963.

William J. Costello, St. Louis, Mo., Bryce M. Fisher and James F. Pickens, Cedar Rapids, Iowa, on the brief, for appellant Slocum.

Donald R. Breitbach, Dubuque, Iowa, for appellant Eaton.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, James M. McNally, Asst. U. S. Atty., Sioux City, Iowa, for appellee.

Before SANBORN, VOGEL and RIDGE, Circuit Judges.

SANBORN, Circuit Judge.

Robert H. Slocum and LeRoy Eaton were two of seven defendants charged by indictment in 34 counts with violations of 18 U.S.C. § 1341, the mail fraud statute, as a result of their having, during the period January 2, 1958, to about January 22, 1959, participated in the activities and operations of the Main Sewing Service, of Cedar Rapids, Iowa. The defendants named in the indictment were: Eugene Van Dusen, Robert H. Slocum, LeRoy Eaton, Lester Brockmeyer, Pat McNiel, Bobie Brockmeyer and Carl E. Bradley.

The Main Sewing Service was, during its existence, engaged in the business of inducing housewives to enter into contracts for the purchase of new electric sewing machines by representing that no money would be involved in the purchase and that the machines could be paid for by the sewing of children's boxer shorts at 60 pairs a month for 24 months, the material for which would be furnished by the Sewing Service and the shorts purchased and disposed of by it. The execution of the scheme, which was charged to have been a scheme to defraud within the meaning of 18 U.S.C. § 1341, required advertising, the obtaining of names of prospects, and the sending of salesmen to call upon the prospects at their homes to induce them, by misrepresentations and promises, to sign purchase contracts (conditional sales contracts). The contracts were promptly discounted for cash by the Sewing Service with local finance companies. The outlets procured by the Service for the shorts produced by the purchasers of the machines proved inadequate. The scheme failed. Concededly, the mails were used in the execution of the scheme.

Initially all defendants entered pleas of not guilty. During the four-weeks trial which ensued, the defendant Bradley, with leave of the court, changed his plea of "not guilty" to "guilty". The defendant Van Dusen was acquitted by the jury, which convicted the defendant Lester Brockmeyer and disagreed as to two others. Slocum was found guilty on twenty counts of the indictment, and Eaton on five. Slocum, under Count 5, of which he was adjudged guilty, was sentenced to three years' imprisonment and a fine of $1,000 plus costs. He was given a sentence of three years' imprisonment under each of the other counts of which he was convicted, the sentences to run concurrently with that imposed under Count 5. This amounted to a sentence, upon all counts, of three years' imprisonment and a $1,000 fine plus costs. The sentences imposed on Eaton upon the five counts of which he was found guilty aggregated one year's imprisonment, only two months of which was to be served and the balance of which was suspended under three years' probation.

If Slocum and Eaton were properly convicted under any single count of the indictment, the sentences appealed from must be affirmed, since the sentence

imposed on each of them upon all counts on which he was convicted is less than the maximum sentence which might have been imposed under any one count. Wood v. United States, 8 Cir., 279 F.2d 359, 360; Myres v. United States, 8 Cir., 174 F.2d 329, 332; Bowen v. United States, 8 Cir., 153 F.2d 747, 748–749 and cases cited; Gantz v. United States, 8 Cir., 127 F.2d 498, 501.

■■ It is argued on behalf of both appellants that it was an abuse of discretion and reversible error for the trial court to deny their respective motions for a severance and for separate trials on the ground that several disconnected schemes were charged and proved. Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557, is cited in support. We do not agree. The defendants were properly joined, under Rule 8 (b) of the Federal Rules of Criminal Procedure. It has long been established that a motion for a severance is addressed to the sound discretion of the trial court. See Rule 14, Federal Rules of Criminal Procedure; Opper v. United States, 348 U.S. 84, 95, 75 S.Ct. 158, 99 L.Ed. 101; Cochran v. United States, 8 Cir., 41 F.2d 193, 198; Goodman v. United States, 8 Cir., 273 F.2d 853, 860; Guon v. United States, 8 Cir., 285 F.2d 140, 142; Butler v. United States, 8 Cir., 317 F.2d 249, 264, certiorari denied 375 U.S. 838, 84 S.Ct. 77, 11 L.Ed.2d 65; Kilgore v. United States, 8 Cir., 323 F.2d 369, 371. The scheme charged was sufficiently unitary to justify the joint trial of the defendants. Cf. Reistroffer v. United States, 8 Cir., 258 F.2d 379, 393.

■ It is argued on behalf of Slocum that it was reversible error for the trial court to permit the defendant Carl E. Bradley, during the trial, to withdraw his plea of not guilty and to enter a plea of guilty to one count of the indictment. We do not agree. Bradley was entitled to ask for leave to change his plea at any time if he saw fit to do so, and the trial court had the right to accept his plea of guilty. The jury was accurately instructed by the court that the fact that Bradley entered a plea of guilty did not mean that the other defendants were guilty or that the crime charged in the indictment was committed. The situation with which the trial court was confronted by the change of plea during the trial differed in no substantial respect from that which arose in Wood v. United States, supra, pages 361–363 of 279 F.2d. See, also, United States v. Kline, D.C. Minn., 221 F.Supp. 776, 787–790, and United States v. Aronson, 2 Cir., 319 F. 2d 48, 51–52.

■ It is argued for Slocum, also, that the trial court erred in refusing to strike the testimony of a victim witness who did not comply with an order of the court requiring the sequestration of witnesses. Whether a witness who does not comply with such an order shall or shall not be allowed to testify is undoubtedly a question for the trial court. The rule is stated in Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010, as follows:

"* * * If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court. * * *"

See, also, Morrow v. United States, 7 Cir., 101 F.2d 654, 656. The trial court did not err in refusing to strike the testimony of the witness of which complaint is made.

■ The contention of Slocum that "The jury returned an inconsistent verdict and the trial court's method of correction amounted to a denial of appellant's right of reasonable opportunity to have the jury intelligently polled," is not sustained by the record. The record clearly shows that the jury's verdict as to Slocum was a verdict of guilty. It

appears that the foreman of the jury inadvertently had signed the form of verdict designed for use if the verdict as to Slocum was "not guilty", but, before returning it into court, drew a line through his signature; that, in reporting the verdicts in open court, the courtroom clerk at first failed to notice the line drawn through the signature of the foreman on the "not guilty" form of verdict, and read that as well as the "guilty" verdict, before discovering his mistake. The trial judge made certain that the jury had found Slocum guilty, by first asking whether the "guilty" verdict which was signed by the foreman was the verdict of all the jurors, and, after having been assured that it was, by polling the jury. There was no uncertainty whatever left as to the verdict of the jury with respect to Slocum. No exception or objection was taken by him or his then counsel with respect to the method adopted by the trial court to determine what verdict the jury had returned as to Slocum.

Slocum does not challenge the sufficiency of the evidence to sustain his conviction. Eaton, however, asserts that there was an inadequate evidentiary basis for the verdict against him, and that his motion for a directed verdict of acquittal, made at the close of the evidence, should have been granted. He says that the evidence of his guilt was weak and that he was, in effect, convicted because of being tried with other defendants against whom the evidence was strong. The credibility of witnesses and the weight of evidence is no concern of this Court. The Government is entitled to the benefit of all inferences which reasonably can be drawn from the evidence, viewed in its most favorable aspect. To attempt to summarize all of the evidence relating to Eaton in the voluminous transcript of the trial proceedings to demonstrate that the trial court was justified in denying his motion for the direction of a verdict of acquittal would serve no useful purpose. It is enough to say that the issue of his guilt or innocence was clearly for the jury.

The case was tried to a jury before a thoroughly competent judge with commendable fairness and careful regard for the rights of all the defendants.

The judgments and sentences appealed from are affirmed.