UNITED STATES of America,
Plaintiff-Appellee,

v.

Paul F. McMULLEN,
Defendant-Appellant.

No. 83–5776.

United States Court of Appeals,
Sixth Circuit.

Dec. 20, 1984.

Patrick S. Sampair, MacPherson & McCarville, Joseph P. Rocco (argued), Rosen & Yepiz, Phoenix, Ariz. for defendant-appellant.

W. Hickman Ewing, U.S. Atty., Joe W. Dycus, (argued), Asst. U.S. Atty., Memphis, Tenn., for plaintiff-appellee.

Before EDWARDS and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.

PER CURIAM.

Paul McMullen appeals his conviction for willful failure to file an income tax return for the year 1976, in violation of 26 U.S.C. § 7203. We affirm.

McMullen argues first that his waiver of counsel was not knowingly, competently, and intelligently made. The district court made an extensive effort to convince him to accept counsel, but he refused, saying he had philosophical differences with lawyers. The record reflects McMullen was well aware of the dangers of his decision and made it knowingly. This personal decision knowingly made is not grounds for setting aside the conviction. *See United States v. Bailey*, 675 F.2d 1292 (D.C.Cir.), *cert. denied*, 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982); *United States v. McCaskill*, 585 F.2d 189 (6th Cir. 1978) (per curiam). Having knowingly and intelligently waived counsel, he cannot now complain of ineffective assistance of counsel. *Faretta v. California*, 422 U.S. 806, 835 n. 46, 95 S.Ct. 2525, 2541 n. 46, 45 L.Ed.2d 562 (1975).

He next argues that his right to trial by a jury drawn impartially from a cross-section of the community was violated. He alleges that the jury panel was drawn from the voter registration lists and that handicapped persons are effectively precluded from registering to vote by physical barriers. He is clearly wrong here because Tenn.Code Ann. § 2-2-115 (Supp. 1984) allows registration by mail.

McMullen further argues that evidence gathered against him by civil summonses of the Internal Revenue Service addressed to third parties under 26 U.S.C. § 7602 should be suppressed. We assume for purposes of this argument that he may properly object to the use of evidence gathered from third parties. *Compare United States v. Genser*, 582 F.2d 292 (3d Cir.1978) (right to object), *with United States v. Payner*, 447 U.S. 727, 735 n. 7, 100 S.Ct. 2439, 2446 n. 7, 65 L.Ed.2d 468 (1980) (dictum implying the contrary).

Here the standard for suppression is a factual determination of whether or not the Internal Revenue Service had determined at the time the summonses were issued to prosecute McMullen. If they had, this would not be a good faith use of this civil authority. *United States v. LaSalle National Bank*, 437 U.S. 298, 316-18, 98 S.Ct. 2357, 2367-68, 57 L.Ed.2d 221 (1978). McMullen argues that it was against Service policy to compromise with "tax protestors" such as himself, and that this shows an institutional commitment to prosecute. The record before us fails to establish that such a commitment was shown. The burden of proof was on the taxpayer, and, "[b]ecause criminal and civil fraud liabilities are coterminous, the Service rarely will be found to have acted in bad faith by pursuing the former." *Id.* at 316, 98 S.Ct. at 2367. We see no basis for the suppression of the evidence obtained from third parties.

Defendant also argues that he was selectively prosecuted because of his vocal opposition to the Internal Revenue Service. The standard a defendant asserting selective prosecution must meet to establish at least a prima facie case is that he has been singled out while similarly situated violators are left untouched and that his selection was unfairly discriminatory or made in bad faith. *United States v. Schmucker*, 721 F.2d 1046, 1049 (6th Cir. 1983); *United States v. Hazel*, 696 F.2d 473, 474 (6th Cir.1983). Here, McMullen's claim must fail, for he has offered no evidence that others similarly situated were not prosecuted. *See United States v. Fe-*

*minist Federal Credit Union,* 635 F.2d 529 (6th Cir.1980) (order). Prosecution has in fact been consistently applied to all who willfully fail to file tax returns.

■ Finally, McMullen argues pro se in his supplemental reply brief that Congress does not have the power to grant jurisdiction over federal income tax crimes because the constitution does not grant it that power. We note that this argument, if given effect, would remove from the United States Code not only the criminal enforcement provisions of Title 26, but virtually the entirety of the crimes enumerated under Title 18.

■ Such an argument is clearly without merit. The authority to tax has always been an inherent power given to Congress, *see McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 416, 4 L.Ed. 579 (1819), and with that authority must also go the power to enforce the collection of such taxes. *See United States v. Drefke,* 707 F.2d 978, 981 (8th Cir.) (per curiam), *cert. denied,* —— U.S. ——, 104 S.Ct. 359, 78 L.Ed.2d 321 (1983). The courts have repeatedly upheld the constitutionality of criminal penalties for tax evasion. *E.g., United States v. Thiel,* 619 F.2d 778, 782 (8th Cir.), *cert. denied,* 449 U.S. 856, 101 S.Ct. 152, 66 L.Ed.2d 70 (1980); *United States v. Moore,* 692 F.2d 95 (10th Cir. 1979); *United States v. Eagan,* 587 F.2d 338 (6th Cir.1978) (per curiam); *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.), *cert. denied,* 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972). The process for objecting to the payment of taxes not legally due is outlined in Title 26. The day has long since passed to object to the constitutionality of our system of taxation. While many reasons can be advanced why our present system of taxation is not equitable or fair, the appropriate forum is not a willful refusal to comply with a valid statute. The appropriate forum for McMullen is the Congress not the courthouse. He acknowledged that no return was filed and that fact alone establishes a violation of the statute.

We find his claims to be without merit and affirm his conviction and sentence.