CARL B. BRANSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Branson v. Commissioner
Docket No. 16206-84.
United States Tax Court
T.C. Memo 1985-481; 1985 Tax Ct. Memo LEXIS 151; 50 T.C.M. (CCH) 1056; T.C.M. (RIA) 85481; September 16, 1985. Carl B. Branson, pro se. Terence D. Woolston, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: This case is before the Court on respondent's motion for summary judgment pursuant to Rule 121, [1] and his motion for the award of damages under section 6673. [2]
With respect to petitioner's Federal income tax for 1981, respondent determined a deficiency of $6,463.00 and additions to tax under section 6653(a)(1) in the amount of $323.15 and under *153 section 6653(a)(2) in an amount equal to 50 percent of the interest due on the deficiency. The issues raised by respondent's motions are whether wages and other amounts received by petitioner in 1981 are taxable, whether petitioner is liable for additions to tax under sections 6653(a)(1) and 6653(a)(2), and whether petitioner is liable for damages under section 6673. Petitioner, Carl B. Branson, was a resident of Arizona when he filed the petition herein. Rule 121 provides that any party may move for summary judgment upon all or part of the legal issues in controversy. A motion for summary judgment will be granted where there is no genuine issue as to any material fact and a decision may be rendered as a matter of law. Adickes v. Kress & Co.,398 U.S. 144, 157 (1970). Although the burden of proving that there is no genuine issue of material fact is on the moving party, Espinoza v. Commissioner,78 T.C. 412, 416 (1982), and Gulfstream Land & Development v. Commissioner,71 T.C. 587, 596 (1979), if, in response to a motion for summary judgment, an adverse party rests upon the mere allegations or denials of his pleading and fails *154 to set forth specific facts showing that there is a genuine issue for trial, a decision may be entered against him. Rule 121(d). Applying these standards, we conclude that respondent has established the following facts and that his motion for summary judgment will be granted. Petitioner holds a bachelor's degree in engineering. He was employed by GTE Automatic Electric Laboratories Incorporated and earned $46,461.12 in wages during 1981. On his 1981 Federal income tax return, petitioner claimed a deduction for purported charitable contributions to the Universal Life Church, Inc., of Modesto, Calif., in the amount of $20,071.32. In his notice of deficiency, respondent disallowed the claimed deduction and imposed additions to tax under sections 6653(a)(1) and 6653(a)(2). [3] In the petition, petitioner asserted that he was not subject to the jurisdiction of the Court, that he claimed his common law and constitutional rights, that he was not an employee pursuant to section 3401(c), that he earned no wages within the meaning of section 3401(a), and that he was not subject to the withholding provisions under sections 3402(a) through 3402(p). [4]
*155 Petitioner did not raise the issue of the disallowed charitable contribution deduction in his petition; that issue is therefore deemed conceded by him. Rule 34(b)(4). With respect to respondent's motion for summary judgment, petitioner has alleged no facts which are genuinely in dispute. He does not address respondent's deficiency determination; rather, his position consists of frivolous tax protester type statements.[5] His contentions are not new to the Court and we have rejected similar attempts by other taxpayers to evade the Federal income tax, see, e.g., Weller v. Commissioner,T.C. Memo. 1985-387, Bradley v. Commissioner,T.C. Memo. 1985-364, and Zozaya v. Commissioner,T.C. Memo. 1985-60. We have repeatedly held that earnings from one's services fall within the section 61 definition of gross income.See, e.g., Rowlee v. Commissioner,80 T.C. 1111 (1983). Furthermore, "[t]he day has long since passed to object to the constitutionality of our system of taxation." United States v. McMullen,755 F.2d 65, 67 (6th Cir. 1984). Although he was given the opportunity to do so, petitioner offered *156 no evidence to dispute respondent's imposition of the additions to tax. Thus, we conclude that no genuine issue as to any material fact remains with respect to respondent's determination of deficiency and the additions to tax under sections 6653(a)(1) and 6653(a)(2). [6] Accordingly, respondent's motion for summary judgment will be granted. [7]
*157 Respondent has also moved for award of damages under section 6673. As applicable herein, section 6673 provides that: Whenever is appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. * * * We find petitioner's position herein to be frivolous and groundless and, accordingly, respondent's motion will be granted. Petitioner, a well educated and articulate person capable of preparing the numerous legal documents he filed with this Court, [8] is yet another tax protester who has no legitimate dispute with respondent's determinations but instead attempts to use this Court as a forum to avoid the payment of the Federal income tax. Petitioner has abused the processes of this Court and has wasted its resources and those of respondent. On the basis of the record, we conclude that the proceedings herein were instituted primarily for delay and that petitioner's position is both frivolous and groundless. We are authorized under *158 section 6673 to penalize petitioner for raising dilatory or groundless claims. Sauers v. Commissioner,     F.2d     (3d Cir., Aug. 19, 1985), affg. a Memorandum Opinion of this Court. We accordingly award damages to the United States under section 6673 in the amount of $3,000.00. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue. ↩
2. Petitioner also filed a motion for judgment. See n. 7, infra.↩
3. After the notice of deficiency was issued, petitioner filed an amended Federal income tax return for 1981 wherein he decreased the amount of income he originally reported and claimed as a refund all the tax liability reported on the original return. ↩
4. Petitioner also argued in his memorandum in support of motion for judgment that Congress has no power under the Constitution to lay and collect a tax on "common law wages".↩
5. Moreover, although petitioner was aware that respondent had conceded in his motion for summary judgment that he was holding $8,256.66 in withheld Federal income tax for petitioner's account, petitioner nonetheless complained in his petition and continued to do so at the hearing on the motions now before us that such funds were not properly credited in accordance with "commonly accepted accounting principles." ↩
6. Sec. 6653(a)(1) provides for an addition to tax of five percent of any underpayment that is due to negligence or intentional disregard of rules or regulations. Sec. 6653(a)(2) provides for an addition to tax in an amount equal to 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment due to negligence or intentional disregard of rules and regulations for the period beginning on the last day for payment of the underpayment. ↩
7. Since we grant respondent's motion for summary judgment, petitioner's motion for judgment is therefore denied.↩
8. Petitioner filed with the Court a motion for default judgment, a motion for determination for jurisdiction, a motion to stay proceedings pending adjudication of jurisdictional motion, a motion for clarification of ruling, and a motion for determination of income. We denied all such motions.↩