ROBERT L. KEYS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Keys v. Commissioner
Docket No. 35572-83.
United States Tax Court
T.C. Memo 1985-507; 1985 Tax Ct. Memo LEXIS 123; 50 T.C.M. (CCH) 1190; T.C.M. (RIA) 85507; September 26, 1985. M. Catherine McKenna, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: This case is before the Court on respondent's motions to dismiss for failure of petitioner properly to prosecute and for damages under section 6673. [1]
Respondent determined the following deficiencies in and additions to petitioner's Federal income tax: Additions to Tax
Year
Deficiency
Sec. 6653(a)(1)
Sec. 6653(a)(2)
1979
$4,335
$217
1980
4,880
244
1981
4,498
225
[1]
Respondent's determination was based upon his disallowance of deductions claimed by petitioner for contributions *124 purportedly made to the Universal Life Church, Inc. Petitioner, Robert L. Keys, resided in Canal Winchester, Ohio, when he filed his petition herein, together with a request that the trial of this case be held in San Francisco, Calif.
By means of a Notice Setting Case for Trial, dated February 12, 1985, the Court informed petitioner that trial of this case would be held at the Court's trial session commencing May 14, 1985, in San Francisco, Calif. This notice included the following paragraph: The calendar for that Session will be called at 10:00 a.m. on that date and both parties are expected to be present at that time and be prepared to try the case. YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU. On May 4, 1985, petitioner sent to the Court a letter dated May 2, 1985, in which he asserted that the Sixteenth Amendment to the Constitution of the United States was void and of no force and effect. [2] This letter provided in part as follows: WARNING: You, Judge William Fay, are hereby put on notice. You have been exposed to the evidence and facts of a monstrous crime. *125 If you continue to enforce a law that was never ratified (the 16th Amendment) you are co-conspirator to the ongoing fraud. Any tax-consuming public servant who ignors [sic] the truth may face criminal charges under Title 18-US criminal code. * * * Attached thereto was a pre-printed form entitled "A Warning to Judges and Prosecutors" which contained substantially similar assertions. [3]
On May 7, 1985, petitioner filed a Motion to Dismiss, in which he requested the Court to "dismiss all claims of tax deficiency" against him. In his motion, he alleged, inter alia, that this Court lacked jurisdiction and that the Federal income tax was unconstitutional. The Court denied petitioner's motion. On May 14, 1985, when this case was called for trial, petitioner did not appear. At that time, counsel for respondent filed a motion to dismiss the case for failure of petitioner to appear or otherwise properly to prosecute his case, and a motion for the award of damages under section 6673. We note *126 at the outset, with respect to petitioner's letter dated May 2, 1985, that this Court will not be intimidated by petitioner's "scare tactics" or deterred from carrying out its constitutionally mandated duties. With respect to respondent's motion to dismiss, Rules 123(b) and 149(a) provide as follows: Rule 123(b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court of for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he was the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * Rule 149(a) Attendance at Trials: The unexcused absence of a party or his counsel when a case is called for trial will not be ground for delay. The case may be dismissed for failure properly to prosecute, or the trial may proceed and the case be regarded as submitted on the part of the absent party or parties. In light of petitioner's conduct in this proceeding and his failure to appear when this *127 case was called for trial, we conclude that dismissal is appropriate. Accordingly, respondent's motion to dismiss will be granted. Respondent has also moved for damages under section 6673. Under that section, as applicable herein, the Court may award damages to the United States of up to $5,000 when the proceeding has been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceeding is frivolous or groundless. Based upon the record, we conclude that the award of damages is appropriate in this case. Petitioner was aware that numerous decisions of this Court had rejected the position advanced by him with respect to the purported contributions to the Universal Life Church.[4] Shortly before the scheduled trial of this case, petitioner sent to the Court a letter and filed a motion to dismiss in which he advanced frivolous tax protester arguments concerning the constitutionality of the income tax. Petitioner's arguments on this score are patently frivolous and wholly without merit. The constitutionality of the Federal income tax laws enacted since the passage of the Sixteenth Amendment has been upheld judicially on too many occasions *128 for us presently to rethink the underlying validity thereof. See, e.g., Brushaber v. Union Pac. R.R.,240 U.S. 1 (1916); Stanton v. Baltic Mining Co.,240 U.S. 103 (1916); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). As the United States Court of Appeals for the Sixth Circuit recently noted, "[t]he day has long since passed to object to the constitutionality of our system of taxation." United States v. McMullen,755 F.2d 65, 67 (6th Cir. 1984). [5]
*129 In sum, we are convinced that petitioner knew his position herein to be groundless, but persisted in maintaining this proceeding primarily to delay the payment of his Federal income tax liabilities. Accordingly, damages are awarded to the United States under section 6673 in the amount of $5,000. To reflect the foregoing, An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. Fifty percent of the statutory interest due on $4,498.↩
2. This letter was also signed by Phyllis O. Keys, petitioner in a related case (T.C. Memo. 1985-508↩). 3. On May 2, 1985, petitioner sent a similar letter to counsel for respondent.↩
4. By letter dated April 10, 1985, counsel for respondent informed petitioner that she considered petitioner's position herein to be frivolous or groundless, and would seek the award of damages under sec. 6673. Counsel for respondent enclosed with her letter copies of the following opinions of this Court from cases in which purported contributions to the Universal Life Church were at issue, and in which damages were awarded under sec. 6673: Rager v. Commissioner,T.C. Memo. 1984-563; Ruberto v. Commissioner,T.C. Memo. 1984-557; Moriarty v. Commissioner,T.C. Memo. 1984-539; and Swanson v. Commissioner,T.C. Memo. 1984-524↩. 5. See also Baker v. Commissioner,T.C. Memo. 1978-60↩, and cases cited therein.