902 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan L. COOPER, Defendant-Appellant.
 No. 89-6284.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1990.
 
 Before KEITH and MILBURN, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Defendant Allan Lee Cooper ("Cooper") appeals from the September 14, 1989 judgment of the district court finding him guilty of willful failure to file income tax returns, in violation of 26 U.S.C. Sec. 7203. For the reasons set forth below, we AFFIRM.
 
 I.
 A.
 
 2
 On April 11, 1989, the United States filed a three-count misdemeanor information against Cooper. He was charged with willful failure to file his 1983, 1984, and 1985 annual income tax returns. On June 7, 1989, Cooper was arraigned and the district court issued a discovery schedule. The district court ordered that no motions be filed after June 27, 1989. Cooper, however, moved for a bill of particulars on July 14, 1989. A final pretrial conference was held on July 17, 1989. At all times prior to trial, Cooper refused court-appointed counsel and elected to proceed without an attorney. After a one-day bench trial on July 18, 1989, the district court returned a guilty verdict on all three counts. On September 6, 1989, the district court ordered Cooper: to pay a $5,000 fine and to serve one year in custody on count one; to pay a $5,000 fine and to serve concurrently one year in custody on count two; to serve a suspended sentence on count three; and to complete a probation period of three years following imprisonment.
 
 
 3
 Cooper filed a timely notice of appeal on September 14, 1989.
 
 B.
 
 4
 Prior to his trial, Cooper was self-employed as a dental technician. He conducted his business through a partnership agreement with another dental technician ("the partnership"). In 1982, Cooper decided that he would no longer pay income taxes. The partnership's accountant, Mike Chitwood ("Chitwood"), testified that Cooper became dissatisfied with the way the government was spending his tax dollars. Thus, Cooper chose not to file personal income tax returns for the years 1983, 1984, and 1985. According to the partnership's income tax returns, Cooper earned $44,175.11 in 1983, $30,137.18 in 1984, and $39,613.34 in 1985.
 
 
 5
 At trial, Officer Paul Michael Drake ("Officer Drake"), of the Internal Revenue Service ("IRS"), testified as to Cooper's tax liability for 1983 through 1985. According to Officer Drake, Cooper owed $17,156.95 in 1983, $10,657.50 in 1984, and $15,517.90 in 1985.
 
 
 6
 Chitwood also testified that Cooper not only willfully failed to file his income tax returns, but also engaged in income tax evasion. According to Chitwood, Cooper gave his Corvette sports car to his son to prevent the IRS from seizing it. In addition, Chitwood testified that Cooper attended organized meetings to discuss income tax evasion with others.
 
 II.
 A.
 
 7
 On appeal, Cooper argues that the district court erred in denying his motion for a bill of particulars. In response, the United States contends that the district court properly denied Cooper's motion for a bill of particulars as frivolous. We agree.
 
 
 8
 A district court retains the sound discretion to grant or deny a motion for a bill of particulars. The decision of the district court will not be disturbed absent an abuse of discretion. See United States v. Cooper, 577 F.2d 1079, 1089 (6th Cir.), cert. denied, 439 U.S. 868 (1978); Turner v. United States, 426 F.2d 480, 483 (6th Cir.1970), cert. denied, 402 U.S. 982 (1971).
 
 
 9
 A bill of particulars serves three functions: first, it may inform the defendant of the nature of the charges against him with sufficient precision to facilitate his preparation of an effective defense; second, it may avoid or minimize the dangers of surprise at trial; and third, it may enable the defendant "to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague and indefinite for such purposes." United States v. Birmley, 529 F.2d 103, 108 (6th Cir.1976). A bill of particulars is not a discovery device and should not be used "to obtain detailed disclosure of the government's evidence prior to trial." United States v. Kilrain, 566 F.2d 979, 985 (5th Cir.), cert. denied, 439 U.S. 819 (1978).
 
 
 10
 The defendant retains the burden of demonstrating error and prejudice based on a district court's denial of his motion for a bill of particulars. Guon v. United States, 285 F.2d 140, 142 (8th Cir.1960). The defendant must show actual surprise and prejudice. United States v. Hawkins, 661 F.2d 436, 452 (5th Cir.1981), cert. denied, 456 U.S. 991 (1982).
 
 
 11
 In the case at bar, Cooper used his motion for a bill of particulars to ask the district court for legal advice concerning its constitutional and statutory authority to try him for income tax evasion. Cooper specifically requested information concerning the district court's authority over him, his status as a "person" under 26 U.S.C. Sec. 7203, and the court's status as an Article III court. See U.S. Const. art. III.
 
 
 12
 Through his motion for a bill of particulars, Cooper has attempted to advance arguments challenging the constitutionality of 26 U.S.C. Sec. 7203. We find Cooper's arguments to be unpersuasive. In United States v. McMullen, 755 F.2d 65 (6th Cir.1984) (per curiam), cert. denied, 474 U.S. 829 (1985), we explained:
 
 
 13
 The authority to tax has always been an inherent power given to Congress, and with that authority must also go the power to enforce the collection of such taxes. The courts have repeatedly upheld the constitutionality of criminal penalties for tax evasion. The process for objecting to the payment of taxes not legally due is outlined in Title 26. The day has long since passed to object to the constitutionality of our system of taxation.
 
 
 14
 McMullen, 755 F.2d at 67 (citations omitted). Thus, the appropriate forum for Cooper to challenge our present tax system is Congress, not the courthouse.
 
 
 15
 Moreover, the information in this case was more than adequate to apprise Cooper of the charges against him and to protect him from double jeopardy. The information clearly stated the amounts of Cooper's earned income and unpaid tax obligations; the years in which his violations occurred; the specific illegal actions which justified his indictment; and the statute he violated. All the documentary evidence introduced at trial was furnished to Cooper well in advance of trial.
 
 
 16
 Cooper has also failed to show any possible prejudice resulting from the district court's denial of his motion for a bill of particulars. He received the fair trial to which he was entitled. The jury was properly instructed that Cooper enjoyed the presumption of innocence and that he was not required to present any evidence. The jury was instructed that the government has the burden of proof to show that Cooper was guilty beyond a reasonable doubt. Considered in its entirety, the evidence of record fails to sustain Cooper's claim that he was prejudiced by the denial of his motion for a bill of particulars.
 
 
 17
 In addition, Cooper's motion for a bill of particulars was filed only four days before trial. In the pretrial discovery order, the district court mandated June 27, 1989, as the deadline for all pretrial motions. Federal Rule of Criminal Procedure 12(f) provides, in pertinent part: "Failure by a party to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court ... shall constitute waiver thereof...." Thus, because Cooper's motion for a bill of particulars was untimely, the district court acted within its discretion to deny the motion. See, e.g., United States v. Oldfield, 859 F.2d 392, 396 (6th Cir.1988).[1]
 
 
 18
 For the reasons stated herein, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Cooper also argues, on appeal, that his constitutional rights were violated because he did not receive access to legal library materials while incarcerated. The United States responds: first, by Cooper's own admission, the district judge's secretary offered to photocopy any legal cases that he would require to prepare his defense; and second, since Cooper failed to present this issue at trial, he waived his right to raise this issue on appeal
 It is well-settled that a court of appeals generally will not consider an issue unless the district court was first given an opportunity to address it. See, e.g., United States v. Hamilton, 689 F.2d 1262, 1275 (6th Cir.1982), cert. denied, 459 U.S. 1117 (1983). Thus, we conclude that Cooper's claim regarding access to legal library materials was not properly preserved for appeal, as Cooper did not raise the issue below.