991 F.2d 797
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Robert L. KEYS, Defendant-Appellant
 No. 92-3729.
 United States Court of Appeals, Sixth Circuit.
 April 6, 1993.
 
 Before KENNEDY and BATCHELDER, Circuit Judges, and ENGEL, Senior Circuit Judge.
 BATCHELDER, Circuit Judge.
 
 
 1
 "And thus every man, by consenting with others to make one body politic under one government, puts himself under an obligation to every one of that society to submit to the determination of the majority and be concluded by it; or else this original compact, whereby he with others incorporates into one society, would signify nothing, and be no compact, if he be left free and under no other ties than he was in before in the state of nature."
 
 
 2
 John Locke, Second Treatise of Government, Chapter VIII.
 
 
 3
 Robert L. Keys is in more ways than one "a day late and a dollar short" in his appeal of his conviction for attempted tax evasion and filing false claims with the Internal Revenue Service, violations of 26 U.S.C. § 7201 and 18 U.S.C. § 287 respectively. In essence, Mr. Keys argues that the United States Government has no right to impose taxes on him, cannot make tax evasion a crime, cannot give the Federal courts jurisdiction over tax crimes, and cannot force him into "involuntary servitude" by enforcing the fine which the District Court imposed upon him.
 
 
 4
 The appellant argues that the District Court lacked jurisdiction over his person and over the case brought by the United States, since neither is he a citizen of the District of Columbia, the only jurisdiction to which he concedes the Federal tax laws apply, nor is his labor connected with "a trade or business within the Federal United States," nor is he a "taxpayer" as defined by Federal law.
 
 
 5
 We agree with Mr. Keys on but one point: as the Government has proven, he did not pay his taxes, and in that sense (alone) is he not a taxpayer. However, the Federal tax laws do apply to all citizens and workers, and may be enforced against them, unfortunately without regard to their residential proximity to the District of Columbia. See U.S. Const., Amend. XVI; McCulloch v. Maryland, 17 U.S. (4 Wheat.) 316, 416 (1819); United States v. McMullen, 755 F.2d 65, 67 (6th Cir.1984), cert. denied, 474 U.S. 829 (1985). The Congress may enact, and has enacted criminal sanctions for failure to file tax returns, failure to pay taxes, and filing false tax refund claims. United States v. Tedder, 787 F.2d 540, 542, (10th Cir.1986) (citing O'Brien v. United States, 51 F.2d 193, 196 (7th Cir.), cert. denied, 284 U.S. 673 (1931)). As Congress has the power to create the income tax laws and prescribe punishment for breaking them, it has the power to grant jurisdiction to interpret and enforce such laws to the District Courts. McMullen, 755 F.2d at 67; United States v. Latham, 754 F.2d 747 (7th Cir.1985); United States v. Koliboski, 732 F.2d 1328 (7th Cir.1984) (argument that District Court lacks subject matter jurisdiction over tax law is "silly").
 
 
 6
 Mr. Keys also says that the Internal Revenue Service ("IRS") may only gain jurisdiction over a "sovereign human being" by means of a "signed contract/agreement" to which the human being would presumably be a party. However, a District Court has personal jurisdiction over any person who appears before it. Rauch v. Day and Night Mfg. Corp., 576 F.2d 697, 700 (6th Cir.1978) (citing Pennoyer v. Neff, 95 U.S. 714 (1878)).
 
 
 7
 The Government adequately proved that Mr. Keys's violation of the tax laws was willful; the record provides more than enough evidence to support the District Court's finding, beyond a reasonable doubt, that the defendant knew of his legal duty and knowingly evaded it. Sufficient evidence also supports his conviction for filing false claims. We may not disturb the conviction under this circumstance. United States v. Conti, 339 F.2d 10, 13 (6th Cir.1964).
 
 
 8
 The appellant's other complaints may be dealt with summarily. Mr. Keys had no right to appear before the Grand Jury considering his indictment. United States v. Salsedo, 607 F.2d 318, 319 (9th Cir.1979); Fed.R.Crim.P. 6(d). He had no right, absent his showing that grounds for dismissal existed, to know what evidence the Government presented to the Grand Jury. Fed.R.Crim.P. 6(e)(3)(c)(i). Mr. Keys can present no evidence of his contention that at the arraignment, the Magistrate failed to inform him adequately of the charges against him, since he failed in his duty to produce a transcript of the proceedings. Portland Feminist Women's Health Center v. Advocates for Life, Inc., 877 F.2d 787, 789 (9th Cir.1989). No other evidence exists showing that the defendant did not understand or was not aware of the charges against him or that his trial was unfair; he was represented by counsel at first and then had counsel present as he proceeded pro se.
 
 
 9
 For the foregoing reasons, we AFFIRM the conviction of Robert L. Keys by the District Court.