66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Allan Lee COOPER, Defendant-Appellant.
 No. 95-5078.
 United States Court of Appeals, Sixth Circuit.
 Sept. 20, 1995.
 
 Before: WELLFORD, MILBURN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Allan Lee Cooper, proceeding pro se, appeals a district court order directing him to appear and testify at a judgment debtor examination in aid of the execution of unpaid criminal fines. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Cooper was convicted in 1989 of three counts of failing to file an income tax return in violation of 21 U.S.C. Sec. 7203. On September 6, 1989, he was sentenced to one year in prison and a $5,000 fine on each of counts one and two, with the prison terms to be served concurrently. The sentence as to count three was suspended and a three-year term of probation was imposed instead. Cooper was ordered to pay the $10,000 fine imposed as to counts one and two in installments during his probation. A panel of this court affirmed Cooper's conviction on appeal. United States v. Cooper, No. 89-6284, 1990 WL 67885 (6th Cir. May 23, 1990) (per curiam). Cooper failed to report to his probation officer after serving his prison sentence and so his probation was revoked on April 5, 1990. He was sentenced to prison for an additional year.
 
 
 3
 In July 1994, the United States filed a postjudgment motion for an order requiring examination of judgment debtor because Cooper had failed to pay any of the $10,000 fine imposed in 1989. In response to the magistrate judge's order for his appearance, Cooper filed a special appearance objecting to, inter alia, the court's exercise of jurisdiction over him and the "compulsory production of private papers," and arguing that the fine--payable during probation--was no longer enforceable because probation had been revoked. The magistrate judge issued an amended report and recommendation on November 16, 1994, finding that Cooper's arguments were without merit and that it was "now proper to require defendant to appear and give information under oath as to his assets and ability to pay said fines." Cooper filed objections to each of the magistrate judge's findings, but the district court found them to be either moot or frivolous, accepted the amended report and recommendation in whole, and directed Cooper to personally appear and testify at a judgment debtor examination on January 13, 1995.
 
 
 4
 On appeal, Cooper argues that: (1) the district court erred in rejecting his offer of proof which rendered the original conviction void; (2) the district court lacks jurisdiction over state citizens; (3) the order revoking parole [i.e., probation] without incorporating the fines prevents enforcement of those fines; and (4) the district court exceeded the scope of its jurisdiction by ordering Cooper to personally appear, testify against himself, and surrender personal papers.
 
 
 5
 Upon review, we affirm the district court's order because the court's findings regarding its jurisdiction over Cooper and the continued enforceability of the fines are not erroneous.
 
 
 6
 Cooper first argues that the district court erred in refusing to consider new evidence offered to challenge his original conviction. However, he cites no authority for the proposition that his criminal conviction may be collaterally attacked during proceedings to collect the fines imposed. If Cooper wished to challenge his conviction, the proper vehicle was to present his grounds for relief in a motion to vacate his sentence under 28 U.S.C. Sec. 2255.
 
 
 7
 Cooper's assertion that the district court lacked jurisdiction over him and his offense because he is a state, rather than a U.S. citizen, is patently frivolous. This is a popular argument among income tax protesters and has been soundly rejected by this court. See United States v. Mundt, 29 F.3d 233, 237 (6th Cir.1994). Furthermore, because the district court had jurisdiction over Cooper's substantive crimes, it has jurisdiction to enforce the judgment it rendered. See Root v. Woolworth, 150 U.S. 401, 412 (1893); American Town Center v. Hall 83 Assocs., 912 F.2d 104, 110 (6th Cir.1990).
 
 
 8
 The district court did not err in concluding that its revocation of Cooper's probation as to count three had no effect on the fines imposed as to counts one and two. An examination of the judgment entered in Cooper's probation revocation establishes that it did not disturb the sentences imposed on counts one and two in the original judgment, including the two $5,000 fines. The imposition of fines as to counts one and two was separate and independent from the imposition of probation as to count three. This situation is analogous to that found in United States v. Webb, 30 F.3d 687 (6th Cir.1994), wherein this court held that a district court's decision to revoke supervised release does not affect the independent obligation to pay restitution if such obligation was properly authorized by statute. Id. at 690. The court further noted that, "[a]lthough the district court no longer has monthly oversight over a defendant's progress toward repayment of restitution, the government may enforce the order of restitution in any way authorized ... including seeking a judgment for criminal default...." Id. at 691. Similarly, although the Probation Office no longer has oversight over Cooper's obligation to pay his fines, the government may still enforce the court's judgment, as it is presently undertaking to do.
 
 
 9
 Finally, Cooper argues that the district court exceeded the scope of its jurisdiction in ordering him to personally appear, testify against himself, and surrender personal papers. The district court's order to appear and testify on January 13, 1995, is moot, as that day is already past. The district court's docket entry for that date indicates that Cooper failed to appear at the scheduled hearing. Furthermore, the district court's order is silent as to any surrender of personal papers; thus, Cooper's appeal is frivolous in that regard. In any event, the district court does have the jurisdiction and authority to issue orders to aid enforcement of its judgment. See Root, 150 U.S. at 412; American Town Center, 912 F.2d at 110. We find no merit in Cooper's other "Questions" briefed nor in his objections to the magistrate judge's report and recommendation.
 
 
 10
 Accordingly, the district court's order, entered on December 16, 1994, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.