# Third District Court of Appeal

## State of Florida

Opinion filed May 6, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2397
Lower Tribunal No. F91-35914
_____

**Enrique Jesus Someillan,**
Appellant,

vs.

**State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Carmen Cabarga, Judge.

Law Office of Carlos A. Canet, P.A., and Carlos A. Canet (Plantation), for appellant.

James Uthmeier, Attorney General, and Ryan Schelwat, Assistant Attorney General, for appellee.

Before SCALES, C.J., and MILLER, and GOODEN, JJ.

MILLER, J.

Over three decades after his judgment and sentence became final, appellant, Enrique Jesus Someillan, sought postconviction relief alleging the performance by his trial counsel was grossly deficient. The lower court summarily denied the motion. Because Someillan failed to allege an enumerated exception to the two-year requirement circumscribed by Florida Rule of Criminal Procedure 3.850(b), the State established that Someillan's former trial counsel is now deceased, the investigative file was destroyed, key witnesses, including the victim, are unlocatable or unavailable, and Someillan reaped the benefits of the terms of the plea bargain he negotiated, we are constrained to affirm the order under review. See Fla. R. Crim. P. 3.850(b)(1)–(3) (setting forth limited exceptions to 2-year time bar); Cuffy v. State, 190 So. 3d 86, 87 (Fla. 4th DCA 2015) ("[R]ule 3.850 contains no 'manifest injustice' exception to the rule's time limitation or bar against filing successive postconviction motions."); State v. Ortiz, 79 So. 3d 177, 178 (Fla. 3d DCA 2012) ("Where a defendant has already served his sentence and he has reaped the benefit of an illegal sentence, he is estopped from challenging the sentence, especially in the context of a negotiated plea."); Bartz v. State, 740 So. 2d 1243, 1244 (Fla. 3d DCA 1999) (barring motion under doctrine of laches "where there has been both a lack of due diligence on the part of the defendant in bringing forth a claim and prejudice to the

State"); <u>Flowers v. State</u>, 278 So. 3d 899, 902 (Fla. 1st DCA 2019) (claims of ineffective assistance of counsel filed more than two years after the defendant's judgment and sentence became final are untimely unless they fall within an exception to the two-year deadline); <u>Cooper v. United States</u>, 66 F.3d 326 (6th Cir. 1995) (finding no abuse of discretion under doctrine of laches where defendant delayed bringing claim for six years).

Affirmed.