**UNITED STATES of America,**
**Appellee,**

v.

**Norbert K. LACHMANN, Defendant,**
**Appellant.**

**No. 72–1286.**

United States Court of Appeals,
First Circuit.

Argued Nov. 8, 1972.

Decided Nov. 29, 1972.

James R. McGowan, Providence, R. I., with whom Lester H. Salter, Providence, R. I., was on brief, for appellant.

Joseph C. Johnston, Jr., Asst. U. S. Atty., with whom Lincoln C. Almond, U. S. Atty., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

ALDRICH, Senior Judge.

Defendant was found guilty by a jury of "willfully" failing to file timely income tax returns for the years 1964–67. 26 U.S.C. § 7203. The receipt of sufficient gross income to impose the obligation, and the failure to file in each of those years were conceded. The principal question on this appeal is whether the government's burden as to willfulness is as the court charged, or is the heavier one for which he contends. Defendant has so confused the issues that a detailed opinion is called for.

In theory there are at least four alternative meanings of "willfully" as used in this statute. (1) Defendant knowingly and intentionally failed to file, but did not know he was legally obligated to do so. (2) Defendant knowingly and intentionally failed to file, knowing that he was supposed to file, but not with the purpose of misleading or defrauding the government of a tax. (3) Defendant knowingly and intentionally failed to file, knowing of the obligation, and with the express purpose of misleading or defrauding the government. (4) Defendant knew of the obligation to file, but failed to file, not by express design, but through inattention or negligence of some sort. The court adopted alternative (2),[1] whereas defendant sought alternative (3). In spite of careful reading of his brief, only during oral argument did we learn that defendant has a still further complaint.

In oral argument defendant advanced the claim that the court's quoted charge permitted the jury to convict if it found that his failure to file had been due to gross negligence. Asked where he made such a complaint to the district court, counsel pointed to the transcript where the following appears at the end of an extensive post-charge colloquy at the bench.

"[T]he defendant particularly objects to the failure to charge the language of bad purpose, to disobey the law, and the defendant also objects to the failure to charge the substance of paragraphs 7, 8, and 9, alternative 9 which is contained in the supplemental request for charge, 10, 11, 12, 17, 18, and that part of paragraph 20 having to do with the proposition that evidence of good character standing alone may be sufficient in and of itself to create a reasonable doubt of guilt. Thank you, Your Honor."

Request No. 7 read as follows.

"7. Mere laxity, careless disregard of the duty imposed by law, or even gross negligence, unattended by the specific evil motive is not 'willfulness' as that term is used in this case."

However, the colloquy as a whole shows that defendant's articulated objections were not as to negligence versus gross negligence but were to the court's adopting alternative (2), ante, rather than (3), for which defendant contended. It is true that by the time of the charge the court had heard counsel's argument[2] that defendant may have believed it was sufficient protection for the government to have the information returns filed by defendant's payors, but this was not enough to put the court on notice that it should explain to the jury that there is a difference between negligence and gross negligence and then instruct it to exclude both.

It is clear under settled decisions that mere blanket enumeration of requests by number is, prima facie, not enough. Charles A. Wright, Inc. v. F. D. Rich Co., 1 Cir., 1966, 354 F.2d 710, cert. denied 384 U.S. 960, 86 S.Ct. 1586, 16 L.Ed.2d 673. Fairness, the candor which counsel owes to the court, and the duty to avoid unnecessary new trials, desirable as that possibility may appear to

---

1. The court charged,
" 'Willfully' as used in this law means that the defendant acted voluntarily, purposefully, deliberately, and intentionally in failing to file his return—that is, *at the time for filing in failing to do so he had a deliberate intention not to file the return which he knew ought to have been filed.*
"This conduct, ladies and gentlemen, must be distinguished from inadvertently, negligently or mistakenly failing to file.
"If you find the defendant in failing to file acted inadvertently, acted negligently or mistakenly then, of course, your verdict must be not guilty. On the other hand, if you find the defendant acted voluntarily, purposefully, deliberately and intentionally in failing to file his returns, then of course if you also find the Government has proven beyond a reasonable doubt the other elements I instructed you on, your verdict must be guilty— and the other elements that have been agreed to. So willfulness is the issue for you to decide." (Emphasis supplied.)

2. Defendant did not testify.

a defendant as an anchor to windward, requires more. See discussion in Dunn v. St. Louis, San Francisco Ry. Co., 10 Cir., 1966, 370 F.2d 681. The court in the case at bar, with its attention focussed on the debated application of alternative principle (3) as against (2) might only too naturally believe that what it said to exclude negligence or mistake was enough. Indeed, for defendant now to ask for the added distinction, if not pure afterthought, seems a classic example of a violation of the rule expressed in Wright v. Rich, supra, and its purpose.

We have devoted this amount of attention to what would otherwise be routine because of the circumstance that defendant's brief relies on cases dealing with carelessness, alternative (4), although he is plainly arguing the merits of alternative (3), hereinafter referred to as defendant's charge, as against (2). His basic thrust is the assertion that there is a "sharp split" in the circuits. In point of fact, such split as exists is almost exclusively over the correctness of alternative (4), an alternative which, except for defendant's technical point we have just discussed, the court below expressly instructed the jury to reject.

We start with the case of Spies v. United States, 1943, 317 U.S. 492, 63 S. Ct. 364, 87 L.Ed. 418, where, in holding that a conviction for willfully attempting to defeat a tax was not made out by proof of willfully failing to file a return, the Court observed, "[m]ere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness [without proof of an intent to defraud]." 317 U.S. 497–498, 63 S.Ct. 367. This suggestion has been adopted in a number of circuits. United States v. Platt, 2 Cir., 1970, 435 F.2d 789; United States v. Ostendorff, 4 Cir., 1967, 371 F.2d 729, cert. denied 386 U.S. 982, 87 S.Ct. 1286, 18 L.Ed.2d 229; United States v. Mac-Leod, 8 Cir., 1971, 436 F.2d 947, cert. denied 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647; United States v. Fahey, 9 Cir., 1969, 411 F.2d 1213, cert. denied 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422. Defendant cites three cases from the Third Circuit, and two from the Fifth which, he says, are to the contrary. They do not, however, afford him that comfort. It is true that in United States v. Hartman, 3 Cir., 1969, 409 F. 2d 198, the court spoke with approval of an extensive charge which included what we have called defendant's charge. This it did in affirming a conviction, and without specific reference to any particular portion of the instructions. Such general endorsement, if a holding, is certainly not a strong holding that a reversal would have been required had some individual part been omitted. Even more remotely supportive of the defendant are his cases of United States v. Litman, 3 Cir., 1957, 246 F.2d 206, and Hargrove v. United States, 5 Cir., 1933, 67 F.2d 820. His two remaining citations, United States v. Vitiello, 3 Cir., 1966, 363 F.2d 240, and Haner v. United States, 5 Cir., 1963, 315 F.2d 792, do not touch defendant's charge even indirectly. Rather, they reverse the district court for instructing that a finding of careless, as distinguished from deliberate, disregard was sufficient to convict. Without doubt there is a sharp split on that issue, see defendant's cases of Abdul v. United States, 9 Cir., 1958, 254 F.2d 292, and United States v. Bishop, 9 Cir., 1972, 455 F.2d 612, cert. granted 409 U.S. 841, 93 S.Ct. 64, 34 L.Ed.2d 79, 1972, but that is irrelevant to the question before us. In point of fact, defendant has cited no court of appeals decision that has even criticized, let alone reversed, a district court for failure to give his requested charge.

As did the court below, we would reject the concept that in this criminal statute negligence or oversight is to be equated with willfulness. But we also reject defendant's claim that the conscious intent that the government must show is an intent to defraud the fisc. Conduct chosen with that evil motive is separately provided for in section 7201 of the Code, and is made a felony. Pre-

sumptively there was a reason for section 7203. The very fact that Congress regarded violation of that section as a misdemeanor, only, at once supplies the reason and indicates that a less serious motive is addressed to. The Supreme Court's suggestion in *Spies*, supra, had a valid base. We consider that the proper conclusion is drawn in those cases, cited ante, which hold that a deliberate intent to disobey the filing requirement is all that is needed. Manifestly the government's income tax structure is predicated, generally, on the filing of returns. To hold that every non-complier must go free unless the government establishes an affirmative intent to deprive the government of a tax known to be due would seriously interfere with its operation. We are not surprised that the advertised sharp split in the cases is not to be found.

■■■■ Defendant's remaining points may be readily disposed of. The court's instruction with regard to character evidence [3] while doubtless not as helpful to defendant as he might have liked, seems to us quite sufficient. See the discussion in Mannix v. United States, 4 Cir., 1944, 140 F.2d 250, 253–254. *See*

*also* United States v. Ramzy, 5 Cir., 1971, 446 F.2d 1184, cert. denied, 404 U.S. 992, 92 S.Ct. 537, 30 L.Ed.2d 544; United States v. Fayette, 2 Cir., 1968, 388 F.2d 728, 737; Carbo v. United States, 9 Cir., 1963, 314 F.2d 718, 746–747, cert. denied 377 U.S. 953, 84 S.Ct. 1626, 12 L.Ed.2d 498; Poliafico v. United States, 6 Cir., 1956, 237 F.2d 97, 114, cert. denied 352 U.S. 1025, 77 S.Ct. 590, 1 L.Ed.2d 597. To the extent that the opinion in appellant's case of Oertle v. United States, 10 Cir., 1966, 370 F.2d 719, cert. denied 387 U.S. 943, 87 S.Ct. 2075, 18 L.Ed.2d 1329, may go further, we decline to follow it. So, too, was defendant's request with respect to conflicting inferences adequately given. The court does not have to repeat its charge about burden of proof in every breath. It is hornbook law that precise language of a request, even though accurate, does not have to be adopted. Defendant's contention that the evidence was insufficient to convict would appear to us frivolous even if the government's burden were as defendant contends. Nor is this statute unconstitutional for vagueness.

Affirmed.

---

3. "Now let's talk about one other thing, reputation. There was certain testimony that was introduced in this case on behalf of the defendant as to his previous reputation for honesty. Now, such evidence may be properly presented by the defendant charged with the commission of an offense in order to show that his character is such that in all likelihood he is not the type of person who would commit the offense or offenses with which he is charged. I instruct you that you should consider this evidence and give it such weight as you believe it deserves. This evidence concerning the defendant's reputation for honesty should be considered by you, together with all the other evidence in this case, in determining the guilt or innocence of the defendant. If, when considered with all the other evidence presented during this trial, it creates a reasonable doubt in your mind as to the guilt of the defendant, you should find him not guilty. But I must caution you that the circumstance that an individual has borne a previous good reputation for honesty is not to be used as a reason for showing leniency to one whose guilt, after an honest, careful and intelligent consideration of all the evidence, including such evidence as to a good reputation for honesty, has been established by proof beyond a reasonable doubt."