UNITED STATES of America, Plaintiff-Appellee,

v.

John P. EAGAN, Defendant-Appellant.

No. 78–5196.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 17, 1978.

Decided Nov. 30, 1978.

Milton R. Henry, Detroit, Mich., for defendant-appellant.

James K. Robinson, U. S. Atty., Loren G. Keenan, Detroit, Mich., for plaintiff-appellee.

Before PHILLIPS, Chief Judge, LIVELY, Circuit Judge, and PECK, Senior Circuit Judge.

PER CURIAM.

Appellant John P. Eagan, a Detroit orthodontist, failed to file timely income tax returns for the calendar years 1973 and 1974. He was charged, in a two count information, with the misdemeanor of wilfully and knowingly failing to file his income tax returns with the District Director of Internal Revenue, in violation of 26 U.S.C. § 7203.

The two count information alleged receipt of substantial gross income for the two years in question ($90,170.84 in 1973; $60,590.25 in 1974). After a bench trial, Dr. Eagan was found guilty on both counts by District Judge Robert E. DeMascio. He was sentenced to 90 days imprisonment and fined $1,000.

We affirm.

The basic facts are undisputed. Appellant received substantial income from his dental practice in 1973 and 1974. Although he directed that returns be prepared by his accountant for the two years in question, he did not file these returns on or before April 15 in the year following the calendar tax years in question. He knew he was required to prepare and submit tax returns for 1973 and 1974, having entered a guilty plea in 1972 to willful failure to file an income tax return for the calendar tax year 1969. He was sentenced to two years of supervised probation for his 1969 violation and paid a fine of $2,500.

To establish that appellant's failure to file was willful and not the result of mistake, neglect or accident, the Government introduced evidence that, except for calendar tax year 1975, Dr. Eagan failed to make timely filings for the years 1970 through 1976.

As ground for reversal, appellant asserts that § 7203 is void for vagueness. This contention is without merit. *United States v. Lachmann*, 469 F.2d 1043, 1046 (1st Cir.), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1972); *United States v. Ming*, 466 F.2d 1000 (7th Cir.), *cert. denied*, 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176, *rehearing denied*, 409 U.S. 1052 (1972); *United States v. MacLeod*, 436 F.2d 947, 951 (8th Cir.), *cert. denied*, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971).

Appellant further contends that the statute violates the doctrine of separation of powers, that the information on which the prosecution was based was defective and did not put him on notice of each element of the charged offense, and that there was insufficient evidence to support the conviction. We find no merit in any of these contentions.

Affirmed.