**UNITED STATES of America, Appellee,**

v.

**Robert Eugene PARSHALL, Appellant.**

**No. 84–1282.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 8, 1984.

Decided March 19, 1985.

Rehearing and Rehearing En Banc Denied April 24, 1985.

Robert L. Fanter, Des Moines, Iowa, for appellant.

Guy R. Cook, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, ROSS and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Robert Eugene Parshall appeals from a final judgment entered in the District Court[1] for the Southern District of Iowa upon a jury verdict finding him guilty of two counts of willful failure to file federal income tax returns for tax years 1979 and 1980 in violation of 26 U.S.C. § 7203. The district court sentenced appellant to one year in prison, to be released as if on parole after service of one-third of the term pursuant to 18 U.S.C. § 4205(f), a fine of $5,000, and three years probation and taxed the costs of prosecution ($1,536.89) against him. For reversal appellant argues that the district court erred in (1) excluding evidence of substantially lower tax liability and testimony about the tax treatment of assignment of income by persons who have

---

1. The Honorable William C. Stuart, Chief Judge, United States District Court for the Southern District of Iowa.

taken vows of poverty and are associated with religious orders, (2) giving instruction No. 14 to the jury and (3) denying his motion for judgment of acquittal on the ground that 26 U.S.C. § 7203 is unconstitutionally vague. For the reasons discussed below, we affirm the judgment of the district court.

The government showed that although appellant was employed as a second officer by United Air Lines during the years 1977 through 1980 and had received income in excess of $40,000 annually from 1977 through 1979 and in excess of $59,000 in 1980, appellant did not file any federal income tax returns for those years and had paid no federal income taxes for those years. Appellant explained his failure to file federal income tax returns as a consequence of his having taken a vow of poverty and his membership in the Parshall Christian Order, a church that he founded in 1975 as an integrated auxiliary of the Miletus Church. Appellant claimed that he was exempt from filing federal income tax returns because he was a member of the Miletus Church and the Parshall Christian Order.

The government also presented evidence that appellant had sought the advice of a tax consultant in the early 1970s about the tax consequences of a vow of poverty, that appellant had filed federal income tax returns in 1975 and 1976 claiming that he was the chief steward of the Parshall Christian Order and as such was exempt from federal income tax, that in August 1976 and December 1976 United Air Lines had informed appellant that his wages were subject to federal income tax withholding, that in October 1976 the Internal Revenue Service (IRS) had reviewed appellant's 1975 federal income tax return and had determined that his wages were taxable as income to him and not the Parshall Christian Order, and that in April 1979 the IRS had informed appellant that a second audit of his 1975 return and a first audit of his 1976 return indicated that his wages were taxable to him and that the creation of the Parshall Christian Order and his assignment of funds and income to it "constituted a sham transaction not recognized for federal income tax purposes."

The jury found appellant guilty of willful failure to file federal income tax returns for the years 1979 and 1980. This appeal followed.

■ Appellant first argues that the district court erred in excluding evidence of substantially lower tax liability and expert testimony about the tax treatment of assignment of income by persons who have taken vows of poverty and are associated with religious orders. The government as part of its case-in-chief introduced evidence that appellant faced a substantial tax liability of about $30,369 as circumstantial evidence of willfulness. In order to rebut this evidence, appellant sought to introduce evidence that his tax liability was much lower. Appellant made an offer of proof that an independent tax preparer and former IRS agent had calculated that appellant's tax liability for the years 1977 through 1980 was about $3,660 and that appellant was due about $14,379 in refunds for the years 1981 and 1982. Appellant also sought to introduce evidence from a tax attorney and accountant that the tax consequences of an assignment of income to a church or religious order by a vow of poverty were uncertain until 1981.

We hold that the district court abused its discretion in excluding the proffered evidence of substantially lower tax liability. Willfulness is an element of the offense of willful failure to file income tax returns. "In a case such as this where the element of willfulness is critical to the defense, the defendant is entitled to wide latitude in the introduction of evidence tending to show lack of intent." *United States v. Garber*, 607 F.2d 92, 99 (5th Cir.1979) (banc) (conviction for knowingly misstating income under 26 U.S.C. § 7201). Here, the government introduced evidence that appellant owed a substantial amount in taxes in order to show appellant's failure to file income tax returns was willful. Appellant permissibly sought to rebut this inference of willfulness by showing that his tax liability was

much less than the government's estimate and that in fact the government owed him tax refunds.

We also hold that the district court abused its discretion in excluding evidence about the allegedly uncertain state of the law involving assignment of income to religious orders or churches. "When the taxability of unreported income is problematical as a matter of law, the unresolved nature of the law is relevant to show that [the] defendant may not have been aware of a tax liability or may have simply made an error in judgment." *Id.* at 98 (tax treatment of earnings from sale of rare blood plasma); *see United States v. Critzer,* 498 F.2d 1160, 1162 (4th Cir.1974) (tax treatment of income derived from lands held by the United States in trust for the Eastern Cherokee Band). In the absence of a determination that appellant's position was frivolous or did not involve a disputed tax question, the district court should not have excluded the proffered evidence.

We conclude, however, that these evidentiary errors were harmless under the circumstances and are not grounds for reversal. First, whether appellant faced a substantial or relatively insubstantial tax liability and whether the state of the law about assignment of income to churches or religious orders was uncertain were only marginally relevant to the theory of government's case and the defense. The present case involved prosecution for completely failing to file income tax returns, not for failing to report disputed amounts as income. Thus, the central issue was whether appellant should have filed income tax returns but willfully failed to do so. The present case turned upon the proper characterization of appellant's relationship with the Parshall Christian Order. The government's theory was that appellant's assignment of income to the Parshall Christian Order by a vow of poverty was a sham transaction engineered to avoid filing income tax returns. Appellant's theory was that his vow of poverty was an extension of his religious beliefs. The instructions given by the district court cautioned the jury that the government's evidence of tax liability was not to be considered as evidence of the actual amount of tax due and that the fact that appellant may owe taxes was relevant only to the issue of willfulness.

Second, we have carefully reviewed the record and conclude that there was overwhelming evidence establishing that appellant willfully failed to file income tax returns.

■ Appellant next argues that the district court erred in giving instruction No. 14 to the jury. The second paragraph of the proposed instruction contained the following phrase: "[d]isagreement with the law or government policies does not constitute good faith misunderstanding of the requirements of the law." Appellant objected to the words "government policies." The district court suggested that the words "the way in which tax revenues are spent" be substituted and then offered appellant a choice between the two suggested phrases. Appellant, however, objected to the substitute language on the grounds that, like the words "government policies," it was vague, susceptible to misinterpretation by the jury, suggested that political or social disagreement with government policies was evidence of bad faith, and improperly emphasized particular evidence. The district court included the following language as part of instruction No. 14: "Disagreement with the law or the way in which tax revenues are spent, however, does not constitute good faith misunderstanding of the requirements of the law." Appellant argues that the district court should have simply instructed the jury that "disagreement with the law is not a defense," citing *United States v. Pohlman,* 522 F.2d 974, 976–77 (8th Cir.1975) (banc), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976), and *United States v. Karsky,* 610 F.2d 548, 550 (8th Cir.1979) (per curiam), *cert. denied,* 444 U.S. 1092, 100 S.Ct. 1058, 62 L.Ed.2d 781 (1980).

We hold that the district court did not abuse its discretion in including the language "or the way in which tax revenues

are spent" in instruction No. 14. Instruction No. 14 is a correct statement of the law and did not permit the jury to speculate about appellant's political or social beliefs or to consider such beliefs, if any, in determining whether appellant acted willfully in failing to file income tax returns for the years in question.

■ Appellant next argues that the district court erred in denying his motion for judgment of acquittal on the ground that 26 U.S.C. § 7203 is unconstitutionally vague. We must reject appellant's argument because we have previously held that 26 U.S.C. § 7203 is not unconstitutionally vague. *United States v. Russell*, 585 F.2d 368, 369 (8th Cir.1978), *citing United States v. Lachmann*, 469 F.2d 1043, 1046 (1st Cir.1972), *cert. denied*, 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973); *see also United States v. Bowman*, 602 F.2d 160, 162 n. 1 (8th Cir.1979) (per curiam).

Accordingly, the judgment of the district court is affirmed.