**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome David PEDERSON,
Defendant-Appellant.**

**No. 85–3035.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 5, 1985.

Decided March 21, 1986.

Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for plaintiff-appellee.

---

Laura Lee, Billings, Mont., Scott McLarty, Athens, Cal., for defendant-appellant.

Before KENNEDY and REINHARDT, Circuit Judges, and STEPHENS,* District Judge.

KENNEDY, Circuit Judge:

Jerome David Pederson appeals from his conviction for seven counts of willful failure to file federal income tax returns, in violation of 26 U.S.C. § 7203. In addition to arguing that 26 U.S.C. § 7203 is void for vagueness, Pederson contends that his conviction should be reversed because the prosecutor engaged in gross misconduct, the district court failed to grant him a continuance, and he was erroneously committed to a hospital for psychiatric evaluation. We find no error, and we affirm.

■ Appellant claims the statute providing for criminal sanctions for failure to file federal income tax returns, 26 U.S.C. § 7203, is void for vagueness. The section states:

> Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return ..., keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall ... be guilty of a misdemeanor....

26 U.S.C. § 7203 (1982). Pederson argues that the statute fails to define the "person required" to file a tax return and is therefore void for vagueness. We agree with the other circuits that have addressed this claim that section 7203 is not vague. *United States v. Parshall*, 757 F.2d 211, 215 (8th Cir.1985); *United States v. Moore*, 692 F.2d 95, 96–97 (10th Cir.1979); *United States v. Eagan*, 587 F.2d 338, 339 (6th

---

* Albert Lee Stephens, Jr., Senior U.S. District Judge for the Central District of California, sit-

ting by designation.

Cir.1978) (per curiam); *United States v. Lachmann,* 469 F.2d 1043, 1046 (1st Cir. 1972), *cert. denied,* 411 U.S. 931, 93 S.Ct. 1897, 36 L.Ed.2d 390 (1973); *United States v. Ming,* 466 F.2d 1000, 1004 (7th Cir.), *cert. denied,* 409 U.S. 915, 93 S.Ct. 235, 34 L.Ed.2d 176 (1972). The definition of the "person required" to pay an income tax is set forth in 26 U.S.C. § 1, which imposes a tax on all individuals in accordance with detailed tables set forth in that section. That definition of the "person required" to file a federal income tax return is again explicit in 26 U.S.C. § 6012. *See Moore,* 692 F.2d at 96–97. The vagueness argument is meritless.

■ Pederson next contends that misconduct of the prosecution deprived him of the defense counsel of his choice, and that as a result, the conviction should be reversed and the indictment dismissed. We need not examine or accept the various legal premises implicit in this argument, for we do not find it established on this record that the government's misconduct was the cause or justification for the withdrawal of appellant's lead counsel.

On the day before the trial was set to commence, the Assistant United States Attorney prosecuting the case allegedly made certain disparaging and unprofessional remarks about Pederson's principal defense attorney. The remarks were made to a defense witness who happened to be Pederson's brother, and it is presumed that the remarks were promptly relayed to Pederson himself. The defense counsel in question unilaterally determined that the remarks so impaired his ability to question the witness and to retain the confidence of his client that he was required to withdraw from the case. He announced his withdrawal accordingly. The abrupt and determined decision of defense counsel to withdraw from the case pretermitted full inquiry and resolution by the district court with reference to the precise statements that the government made, their effect on the witness and the client, and whether the defense counsel's standing with the witness and the client necessarily were impaired so his withdrawal from the case was required. Since these matters were not presented to the district court, we do not have a case where it has been established that counsel's withdrawal was necessary or required, and we hold that the appellant has not properly preserved that issue for our review.

Pederson also argues that his Sixth Amendment right to effective assistance of counsel was violated because the district court refused to grant a long enough continuance for his replacement lead counsel to prepare the case. Pederson's original lead counsel withdrew from the case the day before the trial was originally set to begin, and the district court granted a two-day continuance of the trial. New lead counsel was already somewhat familiar with the case and arrived to confer with Pederson the day before the trial began. Local counsel had been involved in the case for some time and continued to assist the new lead counsel.

■ Granting a continuance is within the trial court's discretion. *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *United States v. West,* 607 F.2d 300, 305 (9th Cir.1979) (per curiam). Though the refusal to grant a continuance in this case for more than two days was strict, it was not an abuse of discretion. The two-day trial did not present complex factual or legal issues, and the assistance of local counsel provided for continuity in representation. Since appellant cites no specific showing of prejudice or ineffective assistance of counsel in the record, the denial of a longer continuance did not violate the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064–69, 80 L.Ed.2d 674 (1984); *United States v. Schaflander,* 743 F.2d 714, 717–21 (9th Cir.1984) (per curiam), *cert. denied,* —— U.S. ——, 105 S.Ct. 1772, 84 L.Ed.2d 832 (1985).

■ Pederson next argues that the district court erred in committing him to the Medical Center for Federal Prisoners, Springfield, Missouri, for three months for psychiatric evaluation in order to determine his competency to stand trial. Prior to trial, defendant refused to consult with court-appointed counsel and insisted that

his decision not to participate in the federal income tax system provided him with a solid defense. Based on his observations of defendant and defendant's answers to his questions, the trial judge had a genuine doubt about defendant's competence to stand trial, to waive his right to counsel, and to understand the gravity of the proceeding. In such a situation, the court has an obligation to mandate further inquiry and professional psychiatric evaluation, even if no party so moves the court. *Chavez v. United States*, 656 F.2d 512, 515–17 (9th Cir.1981). In this case, we believe that the trial judge's doubts concerning defendant's competency to stand trial were reasonable. *Id.* at 516.

Petitioner also objects to the length of his pretrial confinement, claiming that it lasted for three months. It is not clear to us from either the briefs or the record presented here that the period of commitment or observation in fact exceeded the time periods provided in 18 U.S.C. § 4247(b). In any event, appellant has not shown how any excessive confinement affected the validity and fairness of the trial or of the conviction that followed.

Appellant's remaining arguments are without merit.

The opinion of the district court is AFFIRMED.