Harold O. EDGINGTON, Jr.

v.

UNITED STATES of America.

Margie L. EDGINGTON

v.

UNITED STATES of America.

Nos. 1:90–CV–0389, 1:90–CV–390.

United States District Court,
E.D. Texas,
Beaumont Division.

March 20, 1991.

See also 897 F.2d 527.

Harold O. Edgington, pro se.

Margie L. Edgington, pro se.

Paul Naman, Asst. U.S. Atty., Beaumont, Tex., for U.S.

## MEMORANDUM ORDER

COBB, District Judge.

Movants have each filed motions for stay and requests for stay pending appeal of the judgment denying motions to vacate, set aside [or] correct sentence pursuant to 28 U.S.C. § 2255 (2255).[1] Judgment denying

---

1. The court will treat these as motions for stay and appeal of the judgment.

the motions to vacate, set aside, or correct sentence was entered October 4, 1990, by Magistrate Earl Hines. Movants filed their notices of appeal of that judgment to this court on October 12, 1990. Movants filed their briefs in support of that appeal on October 29, 1990.

On November 19, 1990, movants reported to the facilities designated by the Bureau of Prisons to begin serving their sentences. Movant Harold Edgington is currently incarcerated at the Federal Prison Camp at Texarkana, Texas. Movant Margie Edgington is currently incarcerated at the Federal Prison Camp at Bryan, Texas.

## MOTIONS FOR STAY

Movants seek stays of execution of their sentences pending a ruling on their appeals of their 2255 motions. Movants have already begun serving their sentences, but for the sake of completeness, the court will rule on these motions. As grounds for their motions, movants allege: they have raised substantial constitutional claims in their 2255 motions; all of their 2255 claims have not been considered in the appeals process; movants have two children at home, one of whom is a minor; and finally, movants are not dangerous to the public.

The first two grounds, regarding the 2255 claims, are addressed in detail in the part of this order denying the appeal, *supra*. At this point, the court simply states these grounds are not meritorious. No stay will be granted on these grounds.

■ The third and fourth grounds, minor child at home and no danger to the public, are also not meritorious. As the magistrate-judge ably discussed in his memorandum opinion of October 4, 1990, the problem of the minor child is not an extraordinary circumstance warranting a stay. Similarly, the fact movants do not pose a danger to the public is not an extraordinary circumstance warranting a stay. It is irrelevant at this point.

Accordingly, the motions for stay of Harold Edgington and Margie Edgington are DENIED.

## APPEALS OF DENIALS OF MOTIONS TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Movants have stated fifteen separate grounds for relief in their briefs in support of their appeals. All fifteen grounds were discussed thoroughly by Magistrate–Judge Hines, in his memorandum of October 4, 1990. This court will briefly address those grounds.

### 1. *Denial of Counsel of Choice*

■ Movants sought to have lay counsel represent them at trial. There is no Sixth Amendment right to be represented by counsel who is not admitted to the bar. *United States v. Price*, 798 F.2d 111 (5th Cir.1986). The Magistrate–Judge properly denied movants' request for lay counsel. The Magistrate–Judge's ruling on this ground is AFFIRMED.

### 2. *Improper Discovery*

■ Movants next argue the Internal Revenue Service improperly used civil process to conduct their criminal investigation. The Magistrate–Judge was aware of no authority that such a use of process rendered a subsequent conviction unlawful. Movants have cited no such authority, and this court can find none. The Magistrate–Judge's decision on this ground is AFFIRMED.

### 3. *Brady Violations*

■ Movants allege the government failed to provide them copies of assorted statutes, regulations, and forms, in violation of the rule set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The government has no duty to produce such material; it is in the public domain. The Magistrate–Judge's opinion is AFFIRMED.

### 4. *Prosecutorial Misconduct*

■ Movants allege the government's attorney testified before the grand jury. The Magistrate–Judge was not provided a copy of the grand jury minutes, and so denied relief on this ground for lack of evidence.

This court has been provided a copy of those minutes.

At line 18 of page 12 of those minutes, a grand juror asks a question. The witness, Mr. Valenciano, answers. Apparently movants believe this answer was given by the government's attorney, Mr. Naman. After review of the transcript in its entirety, particularly pages 12 to 14, this court concludes the answers to questions on pages 12 to 14 are provided by Mr. Valenciano.

This record does not support a finding of prosecutorial misconduct by testifying. Accordingly, the Magistrate–Judge's opinion is AFFIRMED.

### 5. *Selective Prosecution*

 Movants allege they were selectively prosecuted in violation of the Fourteenth Amendment's equal protection clause. To prevail on such a claim, movants must first show they were singled out for prosecution, while others similarly situated were not prosecuted. Next, movants must show the prosecution is either in bad faith or based upon movants' status as members of a protected class or other constitutionally impermissible basis. *United States v. Greene*, 697 F.2d 1229 (5th Cir. 1983). No such showing has been made here.

Movants were prosecuted for failing to file income tax returns. They have made no showing that others similarly situated are not prosecuted. It is not necessary for this court to reach the second step of the analysis. The Magistrate–Judge's opinion is AFFIRMED.

### 6. *Inadequate Notice*

Movants allege they were never informed of what they were required to file or which statute required them to file it. They allege this constitutes a violation of the Fourteenth Amendment's guarantee of due process.

The Magistrate–Judge ably addressed this allegation in his opinion. This court will only say the indictment clearly notified movants of the statute which they were charged with violating, 26 U.S.C. § 703.

Movants' contention this statute is vague, and therefore they could not have known what they were required to file, has no basis in law. *See United States v. Pederson*, 784 F.2d 1462 (9th Cir.1986); *United States v. Parshall*, 757 F.2d 211 (8th Cir. 1985); *United States v. Moore*, 692 F.2d 95 (10th Cir.1979); *United States v. Eagan*, 587 F.2d 338 (6th Cir.1978). The Magistrate–Judge's opinion is AFFIRMED.

### 7. *Denial of "Common Law Jury"*

Movants allege they should have been provided a jury that would determine both facts and law "according to the common law." It is axiomatic that juries only decide the facts, and judges decide the law. This allegation is utterly without merit. The Magistrate–Judge's opinion is AFFIRMED.

### 8. *Prejudice of Magistrate*

[9, 10] Movants allege Magistrate–Judge Hines was prejudiced against them, and apparently base this allegation on the fact that he cited several statutes in his opinion, other than that statute which movants were specifically charged with violating. It is the duty of a judge in authoring an opinion to be as clear as possible,[2] and citing authority is one of the tools a judge uses in opinion writing. Movants' argument that such use of authority constitutes prejudice is groundless. The Magistrate–Judge's opinion is AFFIRMED.

### 9. *Jurisdiction*

Movants next assert the federal courts are without jurisdiction over this case. By law, the federal courts have jurisdiction over offenses against the laws of the United States. U.S. Const. art. III § 2; 18 U.S.C. § 3231. The Magistrate–Judge's finding of jurisdiction is AFFIRMED.

### 10. *Denial of Opening Statement*

 Movants argue they were denied an opportunity to make an opening statement because they chose to argue jurisdiction in the time allotted to them for an opening statement. Even if this denial rose to the level of a constitutional claim,

---

2. This court freely admits, however, that this duty is not always discharged. One's opinions do not always achieve the clarity and lucidity one seeks.

this court finds movants' choice of argument during their time for opening statement does not evince a denial of such statement by the Magistrate–Judge. The opportunity was provided, and movants, representing themselves, chose not to take it. The Magistrate–Judge's opinion is AFFIRMED.

### 11. *Denial of Subpoena Power*

Movants argue they were not allowed to subpoena two witnesses. First, they complain they were not allowed to subpoena a witness who lived in Houston, but whose address they did not know. That witness allegedly would have testified regarding willfulness. Second, they argue that had they had a longer time to examine the grand jury minutes, they would have subpoenaed the prosecutor, Mr. Naman.

Movants have utterly failed to show that their inability to obtain subpoenas for these two witnesses resulted in a complete miscarriage of justice, or that their testimony would have changed the outcome of the case. The Magistrate–Judge's opinion is AFFIRMED.

### 12. *Evidence Obtained by Threat*

 Movants allege they filed tax returns for prior years only under threat of prosecution, and that these returns were used as evidence against them. The alleged threat of prosecution is the statute which they are charged with violating, 26 U.S.C. § 7203. It is rather ironic that the statute they allege is too vague to give them notice earlier in this petition was adequate to compel them to file tax returns in previous years.

In any event, such a conclusory allegation of threat is inadequate to support relief here. *United States v. Woods*, 870 F.2d 285 (5th Cir.1989). The Magistrate–Judge's opinion is AFFIRMED.

### 13. *Motion for Acquittal*

Next, movants assert they "do not think the court took this law [the Paperwork Reduction Act] into consideration, before finding ... [movants] guilty." Similar to the last ground, such a conclusory allega-

tion cannot support relief. The Magistrate–Judge's opinion is AFFIRMED.

### 14. *Bona Fide Misunderstanding of the Law Defense*

Apparently, movants here assert that their appeal was decided based upon the law and not the evidence. They argue they did not raise this issue on appeal until filing a petition for certiorari to the United States Supreme Court, which they say "was a little late in the case." This court agrees. Movants are barred from relief on this issue. *United States v. Kalish*, 780 F.2d 506 (5th Cir.1986). The Magistrate–Judge's opinion is AFFIRMED.

### 15. *Ineffective Assistance of Counsel*

Finally, movants allege they received ineffective assistance of counsel, in violation of the Sixth Amendment. Movants chose to represent themselves at trial, but complain of both the stand-by counsel at trial and counsel on appeal who were appointed to represent them.

A successful claim of ineffective assistance requires a showing by movants that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Movants have failed to make such a showing. The Magistrate–Judge's opinion is AFFIRMED.

### CONCLUSION

Movants' motion for stay is DENIED. The Magistrate–Judge's decision denying the motion to vacate, set aside or correct sentence is AFFIRMED.