46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy G. POWELL, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dixie Lee POWELL, Defendant-Appellant.
 Nos. 93-10202, 93-10203.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Dec. 12, 1994.*
Decided: Jan. 30, 1995.
 
 Before: WALLACE, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy and Dixie Powell appeal from their convictions under 26 U.S.C. Sec. 7203 for willful failure to file federal income tax returns for the 1982, 1983, and 1984 tax years. The district court had jurisdiction under 18 U.S.C. Sec. 3231. We have jurisdiction over their timely appeals pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * Mr. Powell argues that the district court erred by refusing to sever his trial from that of his wife, Dixie. We need not reach the merits of this argument, however, because we conclude that Mr. Powell has waived this argument by failing to renew his severance motion at the close of the evidence.
 
 
 4
 "A defendant generally waives a severance motion by failing to renew it at the close of evidence." United States v. Vasquez-Velasco, 15 F.3d 833, 845 (9th Cir. 1994). However, waiver will not be found when: (1) the motion accompanies the introduction of evidence deemed prejudicial, and (2) renewal of the motion at the close of evidence would constitute a mere formality. Id.
 
 
 5
 Mr. Powell did not make his motion at the time the prejudicial evidence was admitted. That he renewed his motion twice during the direct examination of Mrs. Powell does militate in favor of determining that he made his motion at the time the prejudicial testimony was admitted. However, Mr. Powell does not argue that the prejudice to him resulted from the admission of discrete pieces of evidence. Rather, his contention is that his defense was "drowned out" or "shackled by" Mrs. Powell's numerous frivolous arguments.
 
 
 6
 Moreover, renewal of the motion at the close of evidence would not have been a mere formality. The district court could not know at the time the motions were made whether Mr. Powell's arguments would be "drowned out" or "shackled by" the battle between Mrs. Powell and the prosecutor because it knew neither how long Mr. Powell's case would be relative to the rest of the trial, nor how Mr. Powell's testimony would relate to that of Mrs. Powell. Indeed, when the district court denied Mr. Powell's first oral severance motion, it suggested that his attorney could make it clear to the jury that he was not joining in Mrs. Powell's arguments. Similarly, in denying one of Mr. Powell's oral motions during Mrs. Powell's direct examination, the district court specifically stated that it thought Mr. Powell could escape association with Mrs. Powell's arguments through cross-examination of her and direct examination of Mr. Powell. Thus, we do not know whether the district court would have denied the motion if it had been renewed at the close of the evidence. The district court did not indicate that it would be useless to renew the motion at a later time. We conclude that Mr. Powell waived the right to appeal the denial of his severance motion by failing to renew it at the close of evidence.
 
 II
 
 7
 Mr. Powell maintains that there was insufficient evidence to support a finding that his failure to file was willful. We need not reach the merits of this argument either, however, because Mr. Powell waived this contention by failing to renew his motion for acquittal at the close of the evidence. Mr. Powell reluctantly joined Mrs. Powell's motion for acquittal at the close of the government's case, but neither of them renewed the motion at the close of the evidence. A sufficiency of the evidence contention is waived if a motion for acquittal is not made or renewed at the close of the evidence, and we can therefore review only for plain error or to prevent a manifest miscarriage of justice. United States v. Comerford, 857 F.2d 1323, 1324 (9th Cir. 1988), cert. denied, 488 U.S. 1016 (1989). We have reviewed the record and are satisfied that there is neither here.
 
 III
 
 8
 Mr. Powell argues that his conviction should be reversed because of prosecutorial misconduct during closing argument and cross-examination of both Powells. Where the defendant objects to alleged acts of prosecutorial misconduct, we review for harmless error; where no objection is made, review is for plain error. United States v. Hinton, 31 F.3d 817, 824 (9th Cir. 1994). An error will be deemed harmless unless, viewed in the context of the entire trial, the defendant establishes that it is more probable than not that the prosecutorial conduct materially affected the verdict. Id.
 
 
 9
 Mr. Powell points to several instances of alleged prosecutorial misconduct, beginning with the government's questioning of Mrs. Powell regarding the inconsistent testimony she gave in her previous trial. Although no objection was made, Mr. Powell did move for a mistrial. This questioning certainly did not amount to plain error. Indeed, it was neither improper nor prejudicial. See infra part IV.
 
 
 10
 Next, Mr. Powell suggests that the prosecutor engaged in misconduct by bringing up that Mr. Powell testified in an earlier proceeding that he had filed returns in the past. No objections were made; there is no plain error.
 
 
 11
 The prosecutor asked Mr. Powell whether his salary came from taxes. While this question may have been improper (an objection on the grounds of relevance and prejudice was sustained), Mr. Powell has not shown by a preponderance of the evidence that the asking of the question affected the verdict.
 
 
 12
 Next, Mr. Powell argues that the prosecutor improperly attempted to lessen the jury's sense of responsibility by stating: "We are not here trying to brand them as criminals today." While this may have been inappropriate, there is no indication that it affected the verdict. In fact, Mr. Powell's attorney vigorously argued in his closing statement that a conviction would put "an irrevocable brand" on the Powells and their entire family.
 
 
 13
 Finally, Mr. Powell argues that the prosecutor attempted to appeal to the greed and pecuniary interest of the jurors. Rather, the prosecutor's statements merely suggest that the real reason the Powells failed to file is that they simply did not want to pay taxes. These statements were not improper.
 
 
 14
 We conclude that the alleged instances of prosecutorial misconduct, viewed both individually and in the aggregate, did not have any affect on the verdict. Mr. Powell's claim of prosecutorial misconduct fails.
 
 IV
 
 15
 Mrs. Powell asserts that the district court should have granted a mistrial after the prosecutor asked Mrs. Powell questions which indicated that the Powells had been tried before. The denial of a motion for mistrial will be reversed only if the district court clearly abused its discretion. United States v. Bustillo, 789 F.2d 1364, 1367 (9th Cir. 1986). "The alleged error must 'pervade the trial with prejudice so as to constitute an unfair trial."' Id., quoting United States v. Nance, 561 F.2d 763, 769 (9th Cir. 1977). Mrs. Powell has not met this burden.
 
 
 16
 It was not improper for the prosecutor to question Mrs. Powell about her prior testimony. She testified that she believed that she did not have to file for a number of reasons, including that she was a "sovereign citizen" and a "nonresident alien." The prosecutor attempted to impeach her testimony by showing that she did not say that she held these beliefs when previously questioned under oath. Moreover, the prosecutor only used leading questions indicating the existence of a previous proceeding after Mrs. Powell responded to his question if she remembered testifying in a prior proceeding by saying: "Refresh my memory."
 
 
 17
 Even if the prosecutor's questioning had been improper, it was not prejudicial. The prosecutor used the term "proceeding" rather than "trial," he did not indicate that it was a criminal rather than civil proceeding, and he never suggested that the Powells had been convicted at the earlier proceeding. Given the relatively benign way the questions were asked, they were not so prejudicial as to deprive the Powells of a fair trial.
 
 V
 
 18
 Mrs. Powell argues that the district court erred by instructing the jury that 26 U.S.C. Sec. 6020(b) did not excuse the Powells from the filing requirement. The district court's formulation of jury instructions is reviewed for abuse of discretion. United States v. Woodley, 9 F.3d 774, 780 (9th Cir. 1993). Whether the instructions properly state the law is a question of law reviewed de novo. United States v. Sterner, 23 F.3d 250, 252 (9th Cir. 1994).
 
 
 19
 The district court instructed the jury that:
 
 
 20
 Under 26 U.S.C. Sec. 6020(b) at the relevant periods involved in this case, the Secretary of the Treasury was permitted, but not required, to prepare a return for a person who failed to make any return required by law. This provided the Internal Revenue Service with some recourse should a taxpayer fail to fulfill his/her obligation to file a return, but did not supplant or excuse the taxpayers from the filing requirement or from criminal liability for willful failure to file.
 
 
 21
 (Emphasis added.) Mrs. Powell asserts that this instruction violated the command of this court in her prior appeal. Her brief quotes language from the opinion first filed by this court in her prior appeal stating that "the district court should not inform the jury that 26 U.S.C. Sec. 6020(b) does not supplant the Powells' duty to file an income tax return." United States v. Powell, 936 F.2d 1056, 1064 (9th Cir. 1991) (emphasis added). The language quoted, however, was amended and superseded by United States v. Powell, 955 F.2d 1206 (9th Cir. 1992) (Powell). In the amended opinion, we said: "The district court was thus correct in instructing the jury that the statute does not relieve the Powells of their duty to file a tax return." Id. at 1213. Indeed, United States v. Poschwatta, 829 F.2d 1477, 1483 (9th Cir. 1987), holds that section 6020(b) does not relieve a taxpayer of the duty to file. See id. Thus, the district court's statement of the law was correct. Of course, the instruction could still have been improper if it somehow misled the jury to think that the Powells should be convicted even if they held a good faith misbelief that section 6020(b) did relieve them of the obligation to file. This did not occur, however, because the court carefully instructed the jury that the issue was not whether the Powells were required to file, but whether they had a subjective good faith belief that they were not required to file.
 
 VI
 
 22
 Mrs. Powell argues that the district court erred by refusing to give her proposed theory-of-defense instruction, which detailed the reasons why Mrs. Powell allegedly believed that the Powells were not required to file. "A defendant is entitled to a jury instruction on a theory of defense if the theory has a basis in law and in the record." United States v. Solomon, 825 F.2d 1292, 1295 (9th Cir. 1987) (Solomon), cert. denied, 484 U.S. 1046 (1988). However, "[n]either the prosecution nor a defendant is entitled to the particular language requested in a proposed jury instruction." Powell, 955 F.2d at 1210, quoting United States v. Soulard, 730 F.2d 1292, 1303 (9th Cir. 1984). Whether a district court's instructions adequately cover a defendant's defense is reviewed de novo. United States v. Warren, 25 F.3d 890, 895 (9th Cir. 1994).
 
 
 23
 Although the district court did not list the reasons why Mrs. Powell allegedly believed that she was not required to file, it carefully explained that she was innocent if she mistakenly, but in good faith, believed that she was not required to file. The district court did all that is required. "The failure to give an instruction on a 'good faith' defense is not fatal so long as the court clearly instructed the jury as to the necessity of 'specific intent' as an element of the crime." United States v. Dorotich, 900 F.2d 192, 193 (9th Cir. 1990), quoting Solomon, 825 F.2d at 1295-97.
 
 VII
 
 24
 Mrs. Powell also asserts that the laws under which the Powells were convicted are void for vagueness. This argument is frivolous. In United States v. Pederson, 784 F.2d 1462 (9th Cir. 1986), we held that 26 U.S.C. Sec. 7203 is not void for vagueness for failure to define "person required" to file tax returns.
 
 VIII
 
 25
 Mrs. Powell also argues that she was exempt from the filing requirements. She presents several theories, all of which are frivolous.
 
 
 26
 Mrs. Powell claims that she is a "sovereign citizen" rather than a "subject citizen" and is therefore not subject to federal taxation. In United State v. Studley, 783 F.2d 934, 937 (9th Cir. 1986), we rejected the similar argument that the defendant was not a taxpayer because she was "an absolute, freeborn and natural individual." We explained that "[a]n individual is a 'person' under the Internal Revenue Code and thus subject to 26 U.S.C. Sec. 7203," and noted that "the advancement of such utterly meritless arguments is now the basis for serious sanctions." Id. at 937 & n.3.
 
 
 27
 Mrs. Powell also argues that she is a "nonresident alien" for purposes of the tax code. However, in United States v. Hanson, 2 F.3d 942, 945 (9th Cir. 1993), we rejected the argument that a natural born citizen of a state was a "nonresident alien" under the tax code.
 
 
 28
 Finally, Mrs. Powell argues that her wages do not constitute "income" under the tax code. However, we have rejected this argument. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 (9th Cir. 1988) ("wages are income ... paying taxes is not voluntary"); United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981) (describing the argument that wages are not income as "fatuous as well as obviously incorrect"). Mrs. Powell was required to file income tax returns for the years at issue.
 
 
 29
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Note: This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3